State *v.* Regan.

STATE OF MAINE *vs.* JEREMIAH REGAN.

*Indictment. Variance between statement and record of former convictions.*
*Exceptions.*

An indictment for larceny alleged that the defendant had been previously thrice convicted of the same offence before "the municipal court begun and holden at Portland;" on the introduction of the record it appeared that these convictions were had before "the municipal court for the city of Portland ;" *held,* no variance.

An objection that there was no proof of defendant's identity will not be considered where the exceptions do not show this fact, or that any objection was taken, for this cause, at the trial.

ON EXCEPTIONS to the ruling of the justice of the superior court for this county.

The respondent was charged with stealing twenty-five pounds of lead, valued at two dollars and three-quarters, Nov. 4, 1872, at Portland. The indictment further charged that he had been convicted of similar petty thefts on three former occasions, to wit, November 19, 1870 ; January 17, 1871, and June 26, 1871, "at the municipal court begun and holden at Portland aforesaid," thus exposing him to punishment as a common thief under R. S., c. 120, § 5. Upon the trial the prosecuting officer introduced records of the defendant's conviction of the offences, and at the times stated, before "the municipal court for the city of Portland ;" to the admission of which the defendant objected, on the ground of variance ; but the judge allowed them to go to the jury and the defendant excepted.

*T. H. Haskell,* for the defendant.

*H. M. Plaisted,* attorney general, for the State, cited *Thompson* v. *People,* 3 Parker's Crim. Cases, 208 ; 2 Barb., 220 ; *Commonwealth* v. *Call,* 21 Pick., 521.

WALTON, J. Indictment for larceny. Former convictions are alleged, with a view, undoubtedly, to increased punishment. The question is whether there is such a material variance between the description in the indictment of the court before which the former convictions were had, and the descriptions of it in the records offered in proof, as will prevent such increased punishment. We think there is not. We think the words used in the indictment are the exact equivalents of those used in the records.

The objection that there was no proof of the identity of the defendant with the person of the same name mentioned in the records, is not open to the defendant. The exceptions do not show whether there was or was not such proof at the trial. Nor do they show that any such objection was then made.

*Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.