STATE *vs.* GEORGE HINES.

Penobscot. Decided May 15, 1878.

*Intoxicating liquors.*

A sentence is no part of a conviction. Docket entries, where the record has not been extended, showing that, in a former trial of the defendant for a violation of the same provision of the statute, a verdict of guilty has been rendered, exceptions filed and subsequently overruled and certified by the law court to the clerk of the county, and no other proceedings pending for the reversal of the verdict, are sufficient proof of a prior conviction, though no sentence has been passed.

ON EXCEPTIONS.

INDICTMENT as a common seller with an allegation of conviction for a prior offense. To make out the former conviction the state put in the prior indictment and docket entries. No judgment had been extended upon the record. The defendant objected to the sufficiency of the proof, because it did not appear that any sen-

tence had been passed, or that judgment had been ordered to be entered up (as by him contended) for the state.

The presiding justice overruled the objection and ruled the proof sufficient; and the defendant alleged exceptions.

*A. Knowles*, with *James F. Rawson*, for the defendant.

*L. A. Emery*, attorney general, *& J. Hutchings*, county attorney, for the state.

DANFORTH, J. The only question in this case is, whether the proof offered sustains the allegation in the indictment, of a previous conviction. No record having been extended the docket entries are admissible. *State* v. *Neagle*, 65 Maine, 468.

From these entries, it appears that upon a former trial of the defendant for the violation of the same statute, a verdict of guilty was rendered, exceptions filed and allowed, and subsequently these exceptions were overruled and a certificate to that effect sent from the law court to the clerk of the county where the case was pending. No sentence was passed and no other proceedings were begun by which the verdict might by possibility be set aside.

By R. S., c. 77, § 13, all cases both civil and criminal in which questions of law shall be raised, shall be " marked law on the docket and continued until their determination is certified by the clerk of the district to the clerk of the county." By R. S., as amended by c. 77, of the laws of 1876, when the determination of the court has been certified to the clerk, it is his duty, except in a few instances provided for by statute of which this is not one, to enter judgment. True, the sentence, which may be, though not necessarily, a part of the final judgment is not certified, but all other matters pending are. All has been done that is required to establish the verdict. The defendant has been heard upon all questions raised by him within the time allowed, and they have been determined against him. It only remains to pass the sentence, and the case can be continued for no other purpose. If the words " judgment for the state " had been added to the certificate, no additional force would have been given it. That would not have prescribed the sentence, nor would it in any respect have changed the duty of the clerk. The certificate as sent was a full

determination of the questions raised, and precisely the same effect would follow in one case as in the other. The result would be a judgment of conviction, whatever it may be considered as to the final judgment. That conviction, as used in the statute under which this process was commenced, does not include a sentence, is clear from the fact that by the same statute, R. S., c. 27, § 29, any person must first be convicted before he can be punished. The same rule we think may properly be applied to all criminal cases. The same meaning is given to the term "conviction" in *State* v. *Elden,* 41 Maine, 165.

*Exceptions overruled.*

DICKERSON, VIRGIN, PETERS and LIBBEY, JJ., concurred.