## STATE *vs.* CHARLES DOLAN & DANIEL HURLEY.

### Penobscot. Opinion June 7, 1879.

*Intoxicating liquors. Former conviction. Duplicity. Averment. Proof.*

After verdict it is too late to complain of duplicity in an indictment, or complaint and warrant.

Upon trial of two jointly charged with unlawfully keeping and depositing intoxicating liquors by them intended for unlawful sale in this state, an averment that "the said C D and D H has been before convicted," etc., (following the form given in the statute) may be supported by proof of their conviction severally at different times more than six years before the complaint was instituted.

It is not necessary that the previous conviction should be of an offense committed by them jointly; it being the purpose of the provisions in R. S., c. 27, §§ 55, 57, to obviate the merely technical objections that might otherwise be made upon common law principles to the allegations and proof of such previous convictions.

Hence, when D H was alleged, in statute form, to have been previously convicted, and the record produced was of the conviction of D C H: *Held,* that oral evidence of identity was admissible, without an averment in the complaint, to prove that D H was convicted by the name of D C H; and that an instruction, that, if the person before prosecuted should be found to be the same person and should be found guilty of the present offense, the record would authorize a finding of the alleged prior conviction, was correct.

ON EXCEPTIONS.

This was a trial upon a complaint for having liquors in the respondents' possession, with intent to sell the same in violation of law.

It is alleged in the complaint that the respondents had been before convicted of the same kind of offense. In evidence of this

allegation, the state offered a record of a conviction against one of the respondents, procured at one time, and a record of another conviction against the other respondent at another time, upon several and distinct and independent offenses.

This testimony was objected to upon the ground that, under a joint prosecution for the same offense, the proof should be of a previous offense jointly committed, and not of previous offenses severally committed.

It appeared by the same records that the date of the judgments in each case was considerably more than six years prior to the date of the complaint in the present case, and they were also objected to, because the previous offenses and the evidence of them were barred by the statute of limitations.

It also appeared that the record of judgment put in against the respondent Hurley, with all the papers in that case, were descriptive of Daniel C. Hurley; while the present complaint was against Daniel Hurley, without the middle initial letter C.

This was offered in evidence by the state, with oral proof that the first judgment was in fact recovered against the present respondent.

The judgment was objected to on account of the variance, and the oral evidence was objected to because there was no allegation in the present complaint that the previous judgment was recovered against the present respondent under a different name; thus accounting for the variance.

All of these objections were overruled, and the evidence admitted; and the court instructed the jury that the records were sufficient to authorize a finding of the alleged prior conviction, if the respondents were found guilty of the present offense and the persons before prosecuted should be found to be the same persons.

The verdict was that both respondents are guilty.

After verdict, a motion in arrest was filed for duplicity in the complaint and warrant, and because same are uncertain, irregular, and in other respects insufficient in law.

The complaint alleges that the respondents "unlawfully kept and deposited upon their persons, and in a certain shop and appurtenances situate on the southerly side of Main street, in said Bangor," intoxicating liquors, etc.

This motion was also overruled. To all which admissions and rulings and instructions the respondents alleged exceptions.

*J. Hutchings*, county attorney, for the state.

*P. G. White*, for the defendants, contended : 1. That there was a variance. 2. That the variance could only be reconciled by extrinsic evidence. 3. No allegation of identity ; and 4. That the parol evidence received was inadmissible and should have been excluded, and cited R. S. 1877, c. 215. *Tuttle* v. *Com.* 2 Gray, 506. *Garvey* v. *Com.* 8 Gray, 382.

The fact of a prior conviction being a substantive part of the offense charged, and one necessary to be alleged, it must be proved as laid in the complaint and warrant. 2 Russell Cri. 658–713. 3 Stark. Ev. §§ 534–1551, note *x*. 1 Whar. Crim. L. §§ 609, 275, 309, and cases cited. *Pope* v. *Foster*, 4 T. R. 590. *Woodford* v. *Ashley*, 11 East. 508. 2 Saund. 291–296. *U. S.* v. *Bowman*, 4 Wash. C. C. 382. *U. S.* v. *Gallison*, *Id.* 387.

Two persons jointly indicted, when the proof is of separate offenses committed at different times, cannot both be found guilty. *King* v. *Messingham*, 1 Moody, 257. *Regina* v. *Dovey*, 2 Den. 92. *Com.* v. *Slate*, 11 Gray, 63. *Com.* v. *Cotton*, *Id.* 1. *Com.* v. *Brown*, 12 *Id.* 135. *Com.* v. *Cobb*, 14 *Id.* 386. 1 Whar. C. L., § 436.

Daniel, and Daniel C., Hurley are different names. *Com.* v. *Hall*, 3 Pick. 262. *Com.* v. *Shearman*, 11 Cush. 546. *State* v. *Homer*, 40 Maine, 438. *State* v. *Dresser*, 54 *Id.* 569. *Dutton* v. *Simmons*, 65 *Id.* 584. *Collins* v. *Douglass*, 1 Gray, 167. *Hubbard* v. *Smith*, 4 *Id.* 72. *State* v. *Jaggart*, 38 Maine, 298. *Ryder* v. *Mansell*, 66 *Id.* 167.

BARROWS, J. This was a complaint instituted before the municipal court against three persons for having intoxicating liquors in their possession with intent to sell the same in violation of law, brought into this court, on appeal, by two of the defendants and tried before court and jury upon their respective pleas of not guilty. Being found guilty, they move in arrest of judgment upon the ground of duplicity in the complaint and warrant, because it is therein alleged that said liquors were by them

"unlawfully kept and deposited upon their persons and in a certain shop and appurtenances situate," etc. If the objection was ever tenable, it comes too late after verdict. *Com.* v. *Tuck,* 20 Pick. 361, 362. *State* v. *Jackson,* 3 Hill (S. C.), 1.

Indeed, defendants' counsel does not claim in argument that the exception to the overruling of the motion in arrest can be sustained.

But he insists upon his objections made at the trial to the evidence offered in support of the allegation in the complaint that the respondents had been before convicted of the same kind of offense, and to the ruling that the records were sufficient to authorize a finding of the alleged prior conviction if the respondents were found guilty of the present offense and the persons before prosecuted should be found to be the same persons. The allegation in the complaint is "that the said Charles Dolan and Daniel Hurley has been before convicted . . of having unlawfully kept and deposited intoxicating liquors in said state, intending them for sale in said state in violation of law, to wit: once in the supreme judicial court of said state held at said Bangor." The proof offered consisted of records of the convictions of the defendants severally, at different times, of distinct and several offenses of this description, more than six years prior to the date of the complaint in the present case. And it was objected that, under a joint prosecution for an offense, the proof should be of a previous offense jointly committed, and not of previous offenses severally committed, and also that the previous offenses were barred by the statute of limitations.

This last objection is not insisted on in argument, and could not avail in any event; for, if they are found to have been properly convicted, they are to be punished for their last offense, and not in any sense for those previously committed. Ross' Case, 2 Pick. 165. *State* v. *Woods,* 68 Maine, 409.

The other objection would seem to be well founded were it not that by the provisions of §§ 55, 57, c. 27, R. S., "the common law technicalities of pleadings are very considerably abrogated" in respect to these averments of previous convictions. "It is obvious that the legislature did not require technical accuracy" in alleg-

ing them. *State* v. *Gorham*, 65 Maine, 273. *State* v. *Wentworth*, *Id.* 247.

The allegation of previous conviction is not an essential part of the offense with which these two defendants and another were jointly charged in the complaint, which was for the keeping and depositing of intoxicating liquors with intent to sell the same in this state in violation of law. It is matter in aggravation of that offense as to those who are found to have committed it after having been once before convicted of a similar offense. Upon such a complaint, one, all, or neither of the respondents may be convicted, with or without the aggravating circumstances, as the evidence may require. The commission of the offense jointly with the other respondents named in the complaint is not of the essence of the charge. The matter in aggravation also may be established as to one and not as to another. Where contumacy in criminal practices makes a man liable to a heavier penalty, as it often does practically even in the absence of statutory provisions, he and he only must suffer who has thus aggravated his offense.

In such a case as this it is the personal act of the individual, and not the participation in it with another, that is essential, both as to the offense and to the alleged aggravation. Aside from the peculiar statute provisions to which we have referred, the cases cited by defendants' counsel, where the accused were charged with a joint reception of stolen goods, or with the commission of adultery with each other, have little analogy to the one before us.

In *Com.* v. *Brown*, 12 Gray, 135, the court say (referring of course to cases where the charge does not involve from its character the united act of two or more individuals to constitute an offense in either): "It is a well established principle in all cases, criminal as well as civil, that a charge of tort against two is several as well as joint against all and each of them."

With statute provisions like those in §§ 55 and 57, c. 27, the same may be said of the matter here alleged in aggravation. The ungrammatical charge that "the said Charles Dolan and Daniel Hurley has before been convicted," is several as well as joint, and may be satisfied by proof of several convictions. The accuracy with which the common law requires matters appearing of record to be alleged is dispensed with under this statute.

The defendant Daniel Hurley further objects that in the record of conviction produced against him the criminal was named Daniel C. Hurley, and that this indictment contains no averment that the conviction was obtained against him by the name of Daniel C. Hurley, so as to authorize the admission of oral evidence of identity. The presiding judge admitted the record and the accompanying oral evidence of identity, and instructed the jury that, if the persons before prosecuted should be found to be the same persons and should be found guilty of the present offense, the records would authorize a finding of the alleged prior conviction. It may be conceded that this objection, like the other, in the absence of a statutory provision dispensing with formality and accuracy in the allegation of a prior conviction, would be sustained. But, after all, Daniel Hurley, this respondent, was charged in the precise manner which the statute directs, and the practically important question so far as he was concerned was whether he was the same person who was once convicted, and not whether he was rightly named in this indictment, or the other, or in neither. It was the purpose of the statute to which we have referred to obviate the technical objections which might otherwise be made ; and it is not for us to disregard it and return to the doctrines of the common law, though they may seem more symmetrical and scientific.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.