STATE OF MAINE *vs.* HENRY WYMAN.

Waldo.   January  28, 1888.

*Indictment.   Former conviction.   Intoxicating liquor.*

Where the indictment for a single sale of intoxicating liquors alleges that the
defendant at a certain term of the court was convicted "of selling a quantity
of intoxicating liquors," it is a sufficient averment of former conviction.

ON exceptions.

The exceptions were to the ruling of the court that the indictment sufficiently charged a former conviction.

The following were the averments of the bill.

"The jurors for said state upon their oaths present that Henry Wyman of Belfast in the county of Waldo, on the sixth day of October, in the year of our Lord one thousand eight hundred and eighty-six, at Belfast aforesaid without any lawful authority, license, or permission, did, then and there, sell a quantity of intoxicating liquors, to wit : one pint of intoxicating liquors to one Wilder S. Grant against the peace of the state and contrary to the form of the statute in such case made and provided."

"And the jurors aforesaid upon their oaths aforesaid do further present that the said Henry Wyman was duly convicted by the Supreme Judicial Court, at a term thereof holden at Belfast, within and for the county of Waldo, on the first Tuesday of January, A. D. 1886, of selling a quantity of intoxicating liquors."

*Robert F. Dunton*, county attorney, for the state cited : R. S., c. 27, § § 57, 63 ; *State* v. *Robinson*, 39 Maine, 150 ; *State* v. *Wentworth*, 65 Maine, 247 ; *State* v. *Gorham*, 65 Maine, 270 ; *State* v. *Dolan*, 69 Maine, 573.

*Wm. H. Fogler*, for respondent.

The respondent is indicted for a sale of intoxicating liquor in violation of § 34 of c. 27 of the Revised Statutes, as amended

by § 2 of c. 366, Public Laws of 1885. Section 57 of said chapter provides that "it is not requisite to set forth particularly the record of a former conviction but is sufficient to allege briefly, that such person has been convicted of a violation of any particular provision, or as a common seller, as the case may be." This indictment does not allege that the respondent had been convicted of "a violation of any particular provision." The allegation of a former conviction should show either by express words or by reference to the statute that the former conviction was for the exact offence charged in this indictment. See form in case of common seller, c. 27, § 63, R. S.

In *State* v. *Wentworth*, 65 Maine, 234; and in *State* v. *Gorham*, *Id.* 270, in which the court say, technicality is not required in charging a former conviction, the indictment named the statute under which the former conviction was had.

HASKELL, J. The indictment charges a single sale of intoxicating liquor in apt terms, *contra formam statuti*, and further avers that at a particular term of court the defendant was convicted "of selling a quantity of intoxicating liquor."

R. S., c. 27, § 33, prohibits the sale of intoxicating liquor. Section 34 as amended by § 2, act of 1885, c. 366, provides that whoever "sells any intoxicating liquor in violation of this chapter forfeits," &c., "and on every subsequent conviction shall be punished by" fine and imprisonment.

The indictment charges a prior conviction of the same unlawful act charged in it; and is sufficient under R. S., c. 27, § 57. A record of conviction no more specific than this indictment was held sufficient in *State* v. *Lashus*, 79 Maine, 504.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.