STATE *vs.* JOHN F. THOMAS.

Waldo.    Opinion April 24, 1897.

*Pleading.   Indictment.   Game.   Stat. 1893, c. 288.*

A complaint charging that the defendant "did have in his possession seventeen dead ruffed-grouse, commonly called partridge, which said grouse were then and there intended by said John F. Thomas for consumption outside the limits of this state and the said John F. Thomas on said 6th day of November aforesaid unlawfully carried said grouse from said Morrill to said Belfast, and there delivered the same to the Boston & Bangor Steamship Co., to be by said company transported to Boston," etc., adequately sets out but one offense under chapter 288, Stat. 1893; that is, of having in his possession not alive, ruffed-grouse, commonly called partridge, not intended for consumption within this state.

This section also imposes the same penalty for several other distinct offenses, as follows: "Nor shall any person or corporation carry or transport from place to place in open season any of the above mentioned birds, unless open to view, tagged and plainly labeled with the owner's name and accompanied by him . . . nor shall any person or corporation carry or transport at any one time more than fifteen of any one variety of birds above named, as the property of one man."

*Held;* that this complaint does not set out either of these offenses in adequate terms; not the first, because it does not allege that they were not "open to view, tagged and plainly labeled with the owner's name;" and not the second, because it does not allege that they were transported "as the property of one man."

ON REPORT.

COMPLAINT.

Waldo ss.                                State of Maine.

*To the Judge of the Police Court of the City of Belfast in the County of Waldo:*

George W. Frisbee of Belfast in said County, on the 7th day of November in the year of our Lord one thousand eight hundred and ninety-three, in behalf of said State, on oath complains that John F. Thomas of Morrill in said County of Waldo, laborer, on the 6th day of November in the year of our Lord one thousand eight hundred and ninety-three, with force and arms at Morrill aforesaid, in

the County of Waldo aforesaid, did have in his possession seventeen dead ruffed-grouse, commonly called partridge, which said grouse were then and there intended by said John F. Thomas for consumption outside the limits of this State and the said John F. Thomas on said 6th day of November aforesaid unlawfully carried said grouse from said Morrill to said Belfast, and there delivered the same to the Boston & Bangor Steamship Co., to be by said company transported to Boston, in the Commonwealth of Massachusetts, there to be delivered to Adams, Chapman & Co., against the peace of said State and contrary to the form of the statute in such case made and provided.

. Wherefore, the said George W. Frisbee prays that the said John F. Thomas may be apprehended and held to answer to this complaint, and dealt with relative to the same as law and justice may require.

Dated at Belfast aforesaid, this 7th day of November in the year of our Lord one thousand eight hundred and ninety-three.

GEORGE W. FRISBEE.

' On the 7th day of November aforesaid, the said George W. Frisbee makes oath that the above complaint by him signed is true.        Before me,

RUEL W. ROGERS,<br>Judge of the Police Court of the City of Belfast.

The respondent was duly arrested and tried before the magistrate on the general issue, and was found guilty and fined. Whereupon the defendant appealed to this court, and, by consent of parties, was allowed to demur to the complaint for duplicity, with leave to plead over if the demurrer be overruled.

The case was reported to the full court to determine the questions presented.

*Ellery Bowden,* County Attorney, for State.

*W. H. McLellan,* for defendant.

Duplicity: *State* v. *Smith,* 61 Maine, 386.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

WHITEHOUSE, J. It is alleged in this complaint that the respondent on the sixth day of November, 1893, "did have in his possession seventeen dead ruffed-grouse commonly called partridge, which said grouse were then and there intended by said John F. Thomas for consumption outside the limits of this state, and the said John F. Thomas on said sixth day of November unlawfully carried said grouse from said Morrill to said Belfast and then delivered the same to the Boston and Bangor Steamship Co., to be by said company transported to Boston," etc.

By virtue of the warrant issued on this complaint the respondent was arrested and tried before a magistrate on the general issue, and was found guilty and sentenced. Thereupon the respondent took an appeal to this court and "by consent of parties" as the case shows, "was allowed to demur to the complaint for duplicity, with leave to plead over if the demurrer be overruled." The case was then reported to the full court to determine the question presented.

It is a satisfaction to observe, in the first place, that the State would have been justified in withholding its consent to the respondent's proposal to demur and plead over after a trial on the general issue before the magistrate; for if the complaint were amenable to the objection of duplicity, on the ground that two distinct offenses are sufficiently charged in the same count, the demurrer must be sustained, the complaint adjudged bad and the respondent discharged. On the other hand, if the State had declined to waive its right to proceed on the plea of not guilty entered before the magistrate, the objection which the respondent proposed to raise by his demurrer might properly have been obviated by entering a nol pros as to the allegations constituting one of the offenses set out in the complaint, even though both were sufficiently and properly charged. 1 Bish. Crim. Proc. § 443; State v. Merrill, 44 N. H. 624; State v. Haskell, 76 Maine, 399; State v. Bean, 77 Maine, 486.

VOL. XC.   15

Fortunately for the State in this instance, however, only one substantive offense is adequately set out in the complaint, that of having grouse in possession not alive and not intended for consumption in this State. Chapter 288, Stat. of 1893. As to this offense the complaint sufficiently states the fact that the respondent had seventeen grouse in his possession and properly negatives the exceptions found in the enacting clause of the section on which the complaint is based.

But this section of the statute named imposes the same penalty for several other distinct offenses, as follows: "Nor shall any person or corporation carry or transport from place to place in open season any of the above mentioned birds, unless open to view, tagged and plainly labeled with the owner's name and accompanied by him . . . . nor shall any person or corporation carry or transport at any one time more than fifteen of any one variety of birds above named, as the property of one man." The allegation in the complaint, however, that the respondent "unlawfully carried said grouse from said Morrill to said Belfast," etc., does not set out either of these offenses in adequate terms. With respect to the former, the allegation is insufficient because it fails to negative the exceptions in the enacting clause by stating that they were not "open to view, tagged and plainly labeled with the owner's name," this negative being clearly descriptive of the offense. 1 Bish. Cr. Pr. § 636; *State* v. *Boyington*, 56 Maine, 512; *State* v. *Gurney*, 37 Maine, 149. With respect to the latter offense described in the statute the allegation in question is insufficient to constitute the charge, because it lacks the necessary averment that the respondent carried the seventeen grouse "as the property of one man."

This allegation of carrying was evidently not designed to charge a separate offense, but was incautiously introduced as a statement of the evidence tending to substantiate the previous charge by showing that the grouse were not intended for consumption in this state. It may be rejected as surplusage.

*Demurrer overruled.*
*Case to stand for trial.*