STATE *vs.* JAMES BARTLEY.

Piscataquis.    Opinion January 23, 1899.

*Pleading. Indictment. Intox. Liquors. Former Conviction. R. S., c. 27, § 63.*

While the legislature may modify and simplify the forms in criminal proceedings, and may authorize the omission of allegations in indictments which do not serve any useful purpose, either by enabling the court to see without going out of the record, what crime has been committed, if the facts alleged are true, or of apprising the accused of the precise crime with which he is charged so as to enable him to meet it in his defense, yet it cannot deprive a person accused of crime of such rights as are essential to his protection and which have been guaranteed to him by the constitution of the state. One of the most important of these rights, is that the accusation against him shall be formally, fully and precisely set forth, so that he may know of what he is accused and be prepared to meet the exact charge against him.

An indictment against the respondent charged him with being a common seller of intoxicating liquors, the crime being set out in appropriate language and with all necessary allegations. It also contained what was intended to be an allegation of a former conviction for a violation of the same statute, in this language: "and the jurors aforesaid, upon their oath aforesaid, further present that said James Bartley has been once before convicted as a common seller under the laws for the suppression of drinking houses and tippling shops in said County of Piscataquis." The form used is precisely

that prescribed by statute. To this indictment the respondent filed a general demurrer which was overruled by the court at nisi prius. *Held;* that the demurrer was properly overruled, as the main charge was sufficiently set out in the indictment, but that the attempted allegation of a former conviction for a violation of the same statute was insufficient for that purpose.

ON EXCEPTIONS BY DEFENDANT.

This was an indictment against the defendant in which he was charged with being a common seller of intoxicating liquors, and also alleging a prior conviction for the same offense. The indictment following the form prescribed by statute is as follows:—

### STATE OF MAINE.

PISCATAQUIS, SS.

At the Supreme Judicial Court, begun and holden at Dover, within and for the County of Piscataquis, in said state, on the last Tuesday in February, in the year of our Lord one thousand eight hundred and ninety-eight.

The jurors for said State upon their oath present that James Bartley of Greenville, in said county of Piscataquis, at Greenville, aforesaid in said county of Piscataquis, on the first day of October, in the year of our Lord one thousand eight hundred and ninety-seven, and on divers other days and times between said first day of October aforesaid and the day of the finding of this indictment, without lawful authority, license or permission therefor was a common seller of intoxicating liquors, against the peace of said state and contrary to the form of the statute in such case made and provided; and the jurors aforesaid upon their oath aforesaid further present that said James Bartley has been once before convicted as a common seller under the laws for the suppression of drinking houses and tippling shops in said county of Piscataquis. A true bill.                    ELBRIDGE T. DOUGLASS, Foreman.

CHARLES W. HAYES, County Attorney.

The defendant demurred to the indictment, but the court overruled the demurrer and the defendant took exception to this ruling of the court.

The case is stated in the opinion.

*C. W. Hayes*, County Attorney, for State.

The legislature has an undoubted right to modify and simplify the forms of pleading both civil and criminal, provided in criminal pleadings the essential elements which constitute the offense, the substance of it, are retained. *State* v. *Learned*, 47 Maine, 433; 10 Am. & Eng. Ency. p. 460. In *State* v. *Learned*, the court gives a very full opinion of the powers of the legislature in such cases.

The offense for which the respondent is indicted, is that of being a common seller on a certain day and on divers other days ending the last Tuesday of February. For the crime of which it is alleged he has been formally convicted, he has already been punished. He cannot be tried nor punished for the old crime again, but it is the new offense for which he is being tried, and the crime is aggravated by the fact of the former conviction. The former conviction, therefore, is not such an act, or part of the crime, as to require it to be set forth with a time certain. *State* v. *Dolan*, 69 Maine, 577. The crime is the acts charged during the period alleged. The rest is only an aggravation.

Respondent says the time should have been laid with certainty, and proved as laid, so that he could better defend. He would be in no better condition as to his defense, had the time of the former conviction been alleged with certainty, had it been done so in such manner as not to have had the time descriptive of the record, for the government could prove any conviction during the whole lifetime of the respondent. The statute of limitations does not apply. *State* v. *Dolan*, supra.

Respondent says further that the indictment should have alleged that he had been before convicted as "common seller of intoxicating liquors" under the laws, etc., the words "of intoxicating liquors," not being in the allegation of former conviction. The whole law from its inception has always been known as the law for the suppression of drinking houses and tippling shops. The crime of being a common seller, under that law, has acquired a technical meaning during the forty years it has been on the statute

books, and no uncertainty can possibly arise because the words are those of the statutory form.

An unbroken line of decisions in this State from the time of the enactment of the law to the present time supports the above positions. *State* v. *Learned*, 47 Maine, 426; *State* v. *Wentworth*, 65 Maine, 234; *State* v. *Gorham*, Ibid. 270; *State* v. *Dolan and Hurley*, 69 Maine, 576, 577; *State* v. *Wyman*, 80 Maine, 117; *State* v. *Hall*, 79 Maine, 501.

In *State* v. *Gorham*, the time of the former conviction was not alleged and the indictment was sustained. See also *Com.* v. *Miller*, 8 Gray, 484; *State* v. *Lashus*, 79 Maine, 504.

*J. B. Peaks and E. C. Smith*, for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, FOGLER, JJ.

WISWELL, J. The indictment against the respondent charged him with being a common seller of intoxicating liquors, and contained what was intended to be an allegation of a former conviction of a violation of the same statute. To this indictment the respondent filed a general demurrer, which was overruled and the case comes here upon exception to such ruling.

It is not denied that the crime of being a common seller of intoxicating liquors is sufficiently set out in appropriate language and with all necessary allegations; the demurrer therefore was properly overruled. If the averment of a former conviction is 'insufficient, it would not affect the other allegations of the indictment which sufficiently set out the main crime. So much of the indictment as relates to the alleged former conviction might be stricken out and still the crime would be fully charged with all necessary particularity. It may, therefore, if insufficient for the purpose intended, be rejected as surplusage. *State* v. *Mayberry*, 48 Maine, 218; *State* v. *Chartrand*, 86 Maine, 547; *State* v. *Dorr*, 82 Maine, 341.

But the statute prescribes a greater penalty in the case of a second and every subsequent conviction, and it may not be improper

to here discuss the question, especially as it is presented in a number of cases now before the court, intended to be raised, as to whether the greater or the lesser offense is charged in this indictment; or, in other words, whether the following is a sufficient allegation of a former conviction for another violation of the same statute; "and the jurors aforesaid, upon their oath aforesaid, further present that said James Bartley has been once before convicted as a common seller under the laws for the suppression of drinking houses and tippling shops in said County of Piscataquis."

However deficient in certainty and in averment this may be, it is precisely the form prescribed by statute, R. S., c. 27, § 63, so that the question resolves itself into this, whether or not the legislature, in prescribing this form, has transcended its constitutional power.

It is well settled in this state that while the legislature may modify and simplify the forms in criminal proceedings, and may authorize the omission of allegations in indictments which do not serve any useful purpose, either by enabling the court to see without going out of the record, what crime has been committed, if the facts alleged are true, or of apprising the accused of the precise crime with which he is charged, so as to enable him to meet it in his defense, it can not deprive a person accused of crime of such rights as are essential to his protection, and which have been guaranteed to him by the constitution of the state. One of the most important of these rights, is that the accusation against him shall be formally, fully and precisely set forth, so that he may know of what he is accused and be prepared to meet the exact charge against him. In *State* v. *Learned*, 47 Maine, 426, the question as to the extent of the power of the legislature in this respect is fully discussed and the law clearly stated. See also *State* v. *Mace*, 76 Maine, 64.

By the adoption of this form has the accused been deprived of his constitutional rights or not? We think he has been. It must be remembered that the allegation is a material one in charging the commission of the greater offense;—without it the accused could only be convicted and punished for the lesser offense. It is

an elementary principle of pleading, both in criminal and civil proceedings, that every traversable material allegation must be laid with some certain time.    Here neither the time nor the court nor the term of court of the alleged former conviction is stated.    The allegation is material, it is traversable and raises an issue of fact to be determined by a jury if denied by the respondent.    In such a case he should be apprised of the time when, as claimed, he had been convicted of another violation of the same statute.    The objection is not merely technical nor fanciful.    One important issue raised by this allegation is as to the identity of the accused with the person who had been previously convicted, in any case a prosecuting attorney might make a mistake upon this matter of identity; and the accused should be enabled, by an allegation of time, to prepare his defense by showing that he was not the person named in the record of the previous conviction.    We think that in this respect the form provided by the legislature is so deficient as to deprive the accused of his constitutional right.

Such was the conclusion of the court in *State* v. *Small*, 64 N. H. 491.    Under a provision of the statute that the record of a former conviction need not be set forth particularly in an indictment for a second offense and that it should be sufficient to allege briefly that the accused had been convicted of the violation of any of the provisions of the chapter, the court said:    "The judgment need not be set forth literally, but he is entitled to a description that will enable him to find the records, to apply for the correction or reversal, and to make preparation for the trial of the question whether he is the convict.    A construction less favorable to him would not be consistent with his constitutional rights.    The averment giving him no information of the time, court or county in which the judgment was rendered is insufficient.    See also *State* v. *Adams*, 64 N. H. 440.

In *State* v. *Conwell*, 80 Maine, 80, a former conviction was alleged as of the May Term of the Superior Court, "to wit, on the tenth day of August A. D. 1885."    The May Term of the Superior Court finally adjourned on June first, 1885.    The averment was held insufficient.

. In *State* v. *Dorr*, 82 Maine, 341, an averment of a prior conviction upon an impossible date was held an insufficient allegation. And in *State* v. *Wentworth*, 65 Maine, 234, it is said by the court in discussing the sufficiency of an allegation of a prior conviction: " The time when the court before which, the chapter and section under which the conviction was had, are briefly set forth.". All of these averments are wanting in the indictment in this case.

It is true that in *State* v. *Gorham*, 65 Maine, 270, an allegation of a prior conviction, which contained no averment as to time, although much preferable to the form adopted in this case in other respects, was held sufficient, but it is evident from the opinion that this particular objection was not urged in that case, the attack upon the indictment being based upon other grounds.

The form adopted is deficient in other respects. The allegation is that the respondent has been once before convicted as a "common seller", of what is not stated, nor is this lack of averment cured by reference to chapter and section of the statutes as in *State* v. *Wentworth*, supra. The qualification, "under the laws for the suppression of drinking houses and tippling shops," is too indefinite. We do not think that the allegation is sufficient to apprise the respondent that he is charged with the commission of the greater offense, because of a former conviction of another violation of the same statute.

As we have before said, the demurrer was properly overruled, but the indictment does not allege a former conviction.

*Exceptions overruled.*
*Judgment for state for first offense.*