STATE *vs.* WILLIAM N. HATCH.

SAME *vs.* HENRY N. BARTLEY.

SAME *vs.* WILLIAM BARRETT.

SAME *vs.* LOUIS GILL.

Piscataquis.    Opinion March 26, 1900.

*Pleading.    Indictment.    Surplusage.    Intox. Liquors.    R. S., c. 27, §§ 35, 37.*

A count in an indictment for the offense of being a common seller of intoxicating liquors, in all respects correctly drawn otherwise than that it contains the unnecessarily added words that the offense was committed "under the laws for the suppression of drinking-houses and tippling shops," is not

vitiated by the averment thus uselessly added. Such averment is merely an incorrect and unnecessary over-statement that may be rejected as surplusage. *Held;* that the offense aimed at in the indictment, in this case, is described in the same chapter of the statutes as is the offense of maintaining a tippling shop, but the two offenses are described in different sections of the same chapter.

ON EXCEPTIONS BY DEFENDANTS.

The defendant in each case was indicted as a common seller of intoxicating liquors and was also charged in the same indictment with having been previously convicted as a common seller " under the law for the suppression of drinking-houses and tippling shops."

The defendants demurred to the indictments which were in the following form:

STATE OF MAINE.

PISCATAQUIS SS.

At the Supreme Judicial Court, begun and holden at Dover within and for the county of Piscataquis, in said State on the last Tuesday of February in the year of our Lord, one thousand eight hundred and ninety-nine.

The jurors for said State upon their oath present that William Barrett of Brownville in said County of Piscataquis, at Brownville aforesaid, in said county of Piscataquis on the first day of March in the year of our Lord, one thousand eight hundred and ninety-eight and on divers other days and times between said first day of March aforesaid and the day of the finding of this indictment, without lawful authority, license or permission therefor, was a common seller of intoxicating liquors.

And the jurors aforesaid upon their oath aforesaid do further present that said William Barrett has been before, to wit, at the February term A. D. 1898 of the Supreme Judicial Court, Piscataquis county, Maine, convicted as a common seller of intoxicating liquors under the law for the suppression of drinking-houses and tippling shops in said county of Piscataquis, against the peace of the said State and contrary to the form of the statute in such case made and provided.

A true bill.                          GEO. L. BARROWS, Foreman.

CHARLES W. HAYES, County Attorney.

The demurrers were overruled by the presiding justice and the defendants were allowed their exceptions.

*J. B. Peaks* and *E. C. Smith; Henry Hudson; Geo. W. Howe,* for defendants.

The words "under the law for the suppression of drinking houses and tippling shops" cannot be rejected as surplusage. These words are a part of the charge and cannot be struck out. *State* v. *Mayberry,* 48 Maine, 218.

*C. W. Hayes,* County Attorney, for State.

Counsel cited: *State* v. *Noble,* 15 Maine, 476; *State* v. *Mayberry,* 48 Maine, 218; *State* v. *Skolfield,* 86 Maine, 149; *State* v. *Corrigan,* 24 Conn. 286; *Com.* v. *Randall,* 4 Gray, 36; *Com.* v. *Hunt,* 4 Pick. 252.

SITTING: PETERS, C. J., HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

PETERS, C. J. These exceptions may be briefly dealt with.

It is first averred in the indictment that the respondent was a common seller, and this part of the indictment is not objected to. Then a former conviction is averred in these words: "And the jurors aforesaid upon their oath aforesaid do further present that the said William N. Hatch has been before, to wit, at the February Term A. D. 1898, of the Supreme Judicial Court, Piscataquis County, Maine, convicted as a common seller of intoxicating liquors, under the laws for the suppression of drinking houses and tippling shops, in said County of Piscataquis, against the peace of the state, and contrary to the form of the statute in such case made and provided."

It is contended, on general demurrer to the indictment, that the former conviction is not well alleged because of the averment that the offense was committed under the laws for the suppression of drinking houses and tippling shops. We think the questionable words may properly be regarded as immaterial and rejected as such. The indictment avers generally that the offense was com-

mitted against the statute, but does not accurately identify the particular statute which the pleader had in mind.    It is merely an incorrect and unnecessary over-statement.    All the essential features of the offense are found in the count without such statement.    The count is perfect without it, and not vitiated with it.    The superadded words do not mislead any one.    The offense aimed at is described in the same chapter as the offense of keeping a tippling-house is, but in another section, one class of offense being covered by section 35 and the other by section 37 of chapter 27 of the revised statutes.    No case in this state has gone so far as to support the respondent's contention.

*Exceptions and demurrer overruled.*