## STATE v. WALTER BARNHARDT.

(Filed 30 November, 1927.)

**1. Criminal Law—Indictment—Spirituous Liquor—Intoxicating Liquor—Felonies—Misdemeanors—Verdict—Judgment.**

An indictment charging separately the unlawful manufacture of spirituous liquor, permitting the operation of a distillery on his land, the unlawful possession, and the unlawful manufacture after conviction for the same offense, charges only misdemeanors except as to the last count, and when there is no evidence as to the former conviction, a general verdict of guilty should be set aside as to this count, and a judgment imposing a maximum and minimum sentence is reversible error. C. S., 3409, 7738.

**2. Judgments—Motions to Set Aside—Criminal Law—Verdict—Felony.**

A motion to set aside a verdict in a criminal action including a felony, with other counts charging misdemeanors, should be granted where there is no evidence that the defendant committed a felony and sentence for the felony has been imposed, and on appeal the case will be remanded.

APPEAL by defendant from *Finley, J.,* at August Term, 1927, of CABARRUS. Error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Palmer & Blackwelder, Hartsell & Hartsell and Williams & Morris for defendant.*

ADAMS, J. In the indictment the defendant is charged (1) with the manufacture of spirituous liquor; (2) with permitting the operation of a distillery on his land; (3) with the unlawful possession of liquor; and (4) with the unlawful manufacture of liquor after a previous conviction for the same offense.

The first three counts charge misdemeanors; the fourth charges a felony. C. S., 3409. The jury returned a general verdict, finding the defendant guilty. It was then adjudged that he be confined in jail for a term of not less than twelve nor more than eighteen months and assigned to work on the public roads.

It is admitted by the State that there is no evidence of the defendant's former conviction. The verdict, therefore, cannot be sustained so far as it may apply to the fourth count. Upon the others, in which misdemeanors are charged, an indeterminate sentence cannot be imposed. The judges of the Superior Court are authorized and directed, in their discretion, "to pass a maximum and minimum sentence" only in sentencing prisoners to the State's prison. C. S., 7738; P. L. 1925, ch. 163, sec. 7738.

There is error for which the cause must be remanded. The defendant's motion to set aside the verdict on the fourth count should be allowed, there being no sufficient evidence to sustain the verdict as to the felony. Upon the remaining counts a determinate sentence should be imposed. The other exceptions are without merit and are therefore overruled.

Error.