STATE OF MAINE

*vs.*

JAMES McCLAY, JR.

Kennebec.   Opinion, January 23, 1951.

*James L. Reid, County Attorney of Kennebec County,*
State of Maine.

*Dubord & Dubord,*
*James E. Glover,* for respondent.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL,
NULTY, WILLIAMSON, JJ.

MERRILL, J.  On report.  The respondent in this case
was arrested and, upon a plea of not guilty, convicted in the
Municipal Court of Waterville, in the County of Kennebec,
on a complaint and warrant which alleged that on the
twenty-ninth day of April, A.D. 1950, at Vassalboro, in
the County of Kennebec and State of Maine, he

> "did operate and drive a certain motor vehicle, to
> wit, a automobile on a certain public highway, to
> wit, Route #201, while under the influence of in-
> toxicating liquors, against the peace of the State
> and contrary to Statute in such case made and pro-
> vided.  And your Complainant, on his oath afore-
> said, further complains that the said James Mc-

Clay, Jr. was convicted for the crime of operating a motor vehicle while under the influence of intoxicating liquors in the Municipal Court of Augusta on the 10th day of September, 1946, against the peace of the State and contrary to the Statute in such case made and provided."

The respondent was sentenced to "pay a fine of three hundred dollars and costs of prosecution and in addition thereto that he be imprisoned 3 months in the county jail. Jail sentence suspended on payment of fine and costs." From this sentence the respondent appealed to the Superior Court at the term thereof to be held at Augusta, in said county, on the first Tuesday of June next. In the Superior Court at the June Term, 1950, the respondent moved that said complaint be quashed for the following reasons:

"that said complaint is invalid in that the complaint contains an allegation that the respondent had been previously convicted of the crime of operating a motor vehicle while under the influence of intoxicating liquor; said allegation being prejudicial to the Respondent, and in contravention of Section 128, Chapter 100, Revised Statutes of 1944, as amended by Section 1, Chapter 265, Public Laws of 1947."

The case was reported to this court by the justice presiding to determine the question of the validity of the complaint with the stipulation:

"If the complaint be adjudged bad, a *nolle prosequi* shall be entered; otherwise, the case to stand for trial below on Respondent's plea of not guilty."

The respondent was charged with the violation of that portion of R. S., Chap. 19, Sec. 121 which reads as follows:

"Whoever shall operate or attempt to operate a motor vehicle upon any way, or in any other place when intoxicated or at all under the influence of

intoxicating liquor or drugs, upon conviction shall be punished by a fine of not less than $100, nor more than $1,000, or by imprisonment for not less than 30 days, nor more than 11 months, or by both such fine and imprisonment. Any person convicted of a 2nd or subsequent offense shall be punished by imprisonment for not less than 3, nor more than 11 months, and in addition thereto, the court may impose a fine as above provided."

This statute provides an enhanced punishment for conviction of a second or subsequent offense of the same character. This statute means that a person who has been convicted of violating this statute, if again convicted for a second or subsequent violation of the same statute, is subjected to the enhanced or increased punishment provided for in such case.

Counsel for the respondent urges that there is no enhancement of punishment because the court in imposing sentence for a first offense can impose any punishment that it could impose for the second or subsequent offense. While it is true that under this statute the court *may impose* as severe punishment for the first offense as it can for the second or subsequent offense, nevertheless, for a *first offense* the court *may impose a lesser punishment* than it *must impose* for a second or subsequent offense under the mandatory terms of the statute respecting punishment for the second or subsequent offense. Under this section of the statute for a first offense the court could impose a sentence of a fine only, or it could impose a sentence of not less than 30 days and less than 3 months. For a second offense the provision that a sentence of not less than 3 months be imposed is made mandatory. All discretion as to imposing a fine only or a sentence for less than 3 months is taken away. This constitutes an enhancement or increase in the punishment for a second offense.

It has been generally held that in order to subject an accused to the enhanced punishment for a second or sub-

sequent offense it is necessary to allege in the indictment or complaint the fact of a prior conviction or convictions. A detailed review of the authorities would serve no useful purpose. They may be found collected in the very exhaustive notes in 58 A. L. R. 20 at 64 et seq. and 68 A.L.R. 345, 366 et seq.

The Constitution of this state, Art. I, Sec. 6, provides that in all criminal prosecutions, the accused shall have a right "To demand the nature and cause of the accusation, and have a copy thereof;". The purpose of this constitutional guaranty in the bill of rights is to afford "to the respondent in a criminal prosecution such a reasonably particular statement of all the essential elements which constitute the intended offense as shall apprise him of the criminal act charged;". See *State* v. *Lashus,* 79 Me. 541; *Carl G. Smith, Petr.* v. *State of Maine,* 75 Atl. (2nd) 538.

As said by Chief Justice Shaw in *Tuttle* v. *Commonwealth,* 2 Gray (Mass.) 505, Page 506:

> "When the statute imposes a higher penalty upon a second and a third conviction, respectively, it makes the prior conviction of a similar offence a part of the description and character of the offence intended to be punished; and therefore the fact of such prior conviction must be charged, as well as proved. It is essential to an indictment, that the facts constituting the offence intended to be punished should be averred. This is required by a rule of the common law, and by our own Declaration of Rights, art. 12."

In a later case, *Commonwealth* v. *Harrington,* 130 Mass. 35, an enhanced sentence was provided by statute for a conviction for drunkenness in the case of those who had been convicted of a like offense twice during the last preceding twelve months. *The statute further provided "it shall not be necessary in complaints under the act to allege*

*such previous convictions."* On a complaint for drunkenness which did not allege two previous convictions of a like offense within the last preceding twelve months, the respondent was sentenced to the enhanced penalty, the evidence of previous convictions being produced when the motion for sentence was made. The court held:

> "It is provided by art. 12 of the Declaration of Rights that no subject shall be held to answer for any crimes or offence until the same is fully and plainly, substantially and formally, described to him. When a statute imposes a higher penalty on a third conviction, it makes the former convictions a part of the description and character of the offence intended to be punished. Tuttle v. Commonwealth, 2 Gray, 505. Commonwealth v. Holley, 3 Gray, 458. Garvey v. Commonwealth, 8 Gray, 382. It follows that the offence which is punishable with the higher penalty is not fully and substantially described to the defendant, if the complaint fails to set forth the former convictions which are essential features of it. That clause of the statute, therefore, which provides that it shall not be necessary, in complaints under it, to allege such previous convictions, is inoperative and void, as being contrary to the provisions of the Declaration of Rights."

That portion of Sec. 6 of Art. I of our Constitution above quoted, while couched in different language from that of Art. 12 of the Declaration of Rights in the Massachusetts Constitution, guarantees and requires that an indictment or complaint for crime must fully and substantially describe to him any crime or offense with which he is charged. Such a description of an offense is included in the phrase "the nature and cause of the accusation."

Under the statutes providing enhanced punishment for second offenses for infraction of the so-called liquor laws, this court held that if the prior conviction was defectively

charged the respondent could only be convicted of the first offense. Not only must the prior conviction be sufficiently alleged, but before the respondent could be convicted of a second or subsequent offense, the prior conviction must be proved beyond a reasonable doubt. We said in *State* v. *Beaudoin,* 131 Me. 31, 33:

> "Counsel for respondent argues that it was error to call the attention of the jury to the allegation of a prior conviction and to require a finding as to that fact. The brief states, 'It is of no concern to the jury how many times the respondent has previously been convicted of a like offense.'
>
> But the respondent had entered a plea of not guilty. It was incumbent on the State to prove every material allegation in the indictment in order to justify the jury in bringing in a verdict of guilty. Respondent was not only charged with illegal transportation of liquor, he was charged with having been previously convicted of a similar offense and therefore liable to additional punishment. Two issues were raised, namely, the immediate infraction of law and the fact of a prior conviction. *State* v. *Gordon,* 35 Mont. 458; 90 Pac. 173; *People* v. *Ross,* 60 Cal. App. 163; 212 Pac. 627; *State* v. *Zink,* 102 W. Va. 619; 135 S. E. 905.
>
> Before he could be subjected to an enhanced punishment for a second violation of law, his guilt on the principal charge must be proved, and also the fact of former conviction. *Singer* v. *United States,* 278 Fed. 415; *Thompson* v. *State,* 66 Fla. 206; 63 So. 423; *McKiney* v. *Com.* 202 Ky. 757; 261 S. W., 276.
>
> In *State* v. *Livermore,* 59 Mont. 362; 196 Pac. 977, it was held that there must be proof of a former conviction on a charge of second or subsequent offense and the proof must be beyond a reasonable doubt. To the same effect are *People* v. *Price,* 6 N. Y. Crim. Rep. 141; 2 N. Y. Supp. 414; *State* v. *Barnhardt,* 194 N. C. 622; 140 S. E. 435; *Byler* v. *State* (1927 Ohio App.) 157 N. E. 421; *Thurpin* v. *Com.* 147 Va. 709; 137 S. E. 528.

> It is not sufficient to merely introduce the record of the conviction of a person bearing the same name as defendant. The identity of the person named in the record and the prisoner must be shown."

For other Maine cases involving allegations of prior convictions in complaints and indictments, and the necessity and effect thereof, see the following cases: *State v. Robinson,* 39 Me. 150; *State v. Regan,* 63 Me. 127; *State v. Hines,* 68 Me. 202; *State v. Woods,* 68 Me. 409; *State v. Wentworth,* 65 Me. 234; *State .v. Gorham,* 65 Me. 270; *State v. Dolan and Hurley,* 69 Me. 573; *State v. Lashus,* 79 Me. 504; *State v. Wyman,* 80 Me. 117; *State v. Dorr,* 82 Me. 341; *State v. Simpson,* 91 Me. 77; *State v. Bartley,* 92 Me. 422; and *State v. Hatch,* 94 Me. 58.

It is true that in none of these cases was there objection made to the sufficiency of the complaint and warrant or indictment because of the *inclusion* of an allegation of a prior conviction. These cases involved the power of the court to impose the enhanced punishment on a second offender in cases where the allegation was either defectively made, or, if sufficiently made, proof of the allegation was defective. However, the effect of those cases, which hold that if the prior conviction was defectively alleged the respondent could only be convicted of a first offense, is to require that the allegation be included in the complaint and warrant or the indictment, to justify conviction of a second or subsequent offense, see *State v. Dorr, supra, State v. Lashus, supra, State v. Bartley, supra.*

It is urged by counsel for the respondent that these cases which involved infractions of the so-called prohibitory law with respect to the sale and handling of intoxicating liquors are not in point, because they arose when R. S., Chap. 57, Sec. 72, or previous acts of similar import, were in force, which section has since been repealed by P. L., 1947, Chap.

78. Sec. 72 of Chap. 57 of the Revised Statutes was as follows:

> "Every judge, recorder, and clerk of a municipal court and every trial justice and county attorney, having knowledge of a previous conviction of any person accused of violating any of the provisions of this chapter, in preparing complaints, warrants, or indictments, shall allege such previous conviction therein; and after such indictment is entered in court, no county attorney shall dismiss or fail to prosecute it except by special order of court. If any judge, recorder, or clerk of a municipal court, or any trial justice or county attorney neglects or refuses to allege such previous conviction, or if any county attorney fails so to prosecute, he forfeits $100 in each case, to be recovered in an action of debt, to be brought by the attorney-general in behalf of the state."

For a history of this section of the statute prior to the Revision of 1944, see R. S., 1930, Chap. 137, Sec. 21; R. S., 1916, Chap. 127, Sec. 41; R. S., 1903, Chap. 29, Sec. 61; R. S., 1883, Chap. 27, Sec. 52; R. S., 1871, Chap. 27, Sec. 45; P. L., 1877, Chap. 215, Sec. 4; P. L., 1867, Chap. 130, Sec. 7.

This section, R. S., 1944, Chap. 57, Sec. 72, and its predecessors are not the source of the rule of criminal pleading which requires that prior convictions be alleged in order that enhanced penalties may or must be imposed upon second or subsequent offenders under statutes providing therefor. That rule has its source in the common law. It is preserved by Art. I, Sec. 6 of our Constitution, *supra*, as a sacred right of, and a protection to, those accused of crime.

The purpose of this statute was not to establish a new rule of criminal pleading but, by the imposition of this mandatory duty on enforcement officers to make sure that the existing rules of criminal pleading were complied with, and

thus permit the imposition of the statutory punishment on second and subsequent offenders. To anyone familiar with the history of the prohibitory law in this state and the problems and methods of its enforcement, this purpose is apparent. The statute was passed in recognition of the fact that to authorize the imposition of the enhanced penalty for a subsequent offense the prior conviction must be alleged in the complaint or indictment as the case might be. It was the intent and purpose of the statute to prevent the prosecution of known second and subsequent offenders under complaints or indictments which would not allow courts to impose the enhanced penalty provided for such offenders.

The allegation of previous conviction in the complaint is in no way in contravention of R. S., 1944, Chap. 100, Sec. 128, as amended by P. L., 1947, Chap. 265, Sec. 1, as alleged in the motion to quash.

R. S., Chap. 100, Sec. 128, before it was amended in 1947 read:

> "No person is incompetent to testify in any court or legal proceeding in consequence of having been convicted of an offense; but such conviction may be shown to affect his credibility."

By P. L., 1947, Chap. 265, Sec. 1, the foregoing section of the statute was amended to read as follows:

> "No person is incompetent to testify in any court or legal proceeding in consequence of having been convicted of an offense; but conviction *of a felony, any larceny or any other crime involving moral turpitude* may be shown to affect his credibility."

This statute has no application to the present case. Section 128 of Chap. 100 of the Revised Statutes of 1944, as amended by P. L., 1947, Chap. 265, Sec. 1 relates only to the qualification as witnesses of persons who have been con-

victed of crime, and to the admission of evidence of their prior conviction of certain crimes for the purpose of affecting their credibility as witnesses. The amendment of 1947 limited the number and class of crimes, the conviction of which could be used for the purpose of impeachment. As such it established a rule of evidence restricting the use of prior convictions for a single purpose, that of impeaching a witness. It neither purported to forbid, nor did it in any way limit the introduction of evidence of a prior conviction for *other purposes* when such evidence would be admissible on *other* issues properly involved in the case. Nor did it, *even by implication,* modify the rules of criminal pleading. If an allegation of a prior conviction was necessary in a complaint and warrant or indictment prior to the amendment of 1947, to authorize the court to impose the enhanced punishment provided for a second or subsequent offense, such allegation is equally necessary for the same purpose since the amendment. If prior to the amendment the allegation of prior conviction must be proved as laid, and that beyond a reasonable doubt, in order that the respondent could be convicted of a second or subsequent offense, such proof is equally necessary therefor since the adoption of the amendment. The allegation of prior conviction can only be sustained by the introduction of evidence, and evidence thereof is admissible for that purpose.

Where the power and authority of the court to impose an enhanced penalty is *wholly* dependent on the existence of facts set forth in the statute, which facts are entirely separate from, and unconnected with, the commission of the immediate infraction, such additional facts must be alleged in the complaint or indictment and proved beyond a reasonable doubt to authorize the imposition of the enhanced penalty. The existence of such facts is an issue to be determined by the jury. Typical of this class of cases are those arising under statutes providing for enhanced

punishment for those previously convicted of a similar offense.

The foregoing rule is not in conflict with the cases of *Rell* v. *State of Maine,* 136 Me. 322 and *State of Maine* v. *McKrackern,* 141 Me. 194. The statute applicable to those cases which permits discretionary severity in the punishment of assaults which are of a "high and aggravated nature," now R. S., Chap. 117, Sec. 21, sets forth no specific facts entirely separate from and unconnected with the commission of the immediate infraction as a prerequisite for imposing the enhanced penalty. This is sufficient to distinguish those cases from the instant case, and to show that those cases are not in conflict with the foregoing rule as set forth in this opinion. We do not, by calling attention to this distinction, mean to hold, or even intimate, that there are not other distinctions between those cases and this one. Nor would we even intimate that the mere absence of a statutory provision requiring the existence of specific facts entirely separate from and unconnected with the commission of the immediate infraction as a prerequisite to imposition of the enhanced penalty *necessarily* excuses additional allegation and proof of the statutory requirements which authorize the imposition of such penalty. The necessity of allegation and proof of facts or conditions authorizing a statutory enhanced penalty will in each case depend upon the provisions of the particular statute under consideration.

It may be true as counsel for the respondent urges that it is prejudicial to the respondent to have the fact of his previous conviction alleged in the complaint and warrant. It may likewise be true that it is prejudicial to the respondent to have evidence of his prior conviction of a similar offense introduced in his trial for a subsequent offense of similar nature. On the other hand, it is of the utmost importance to the respondent who is charged with a second offense that he have the right to challenge the fact of his

prior conviction, have his day in court, and have his former conviction established only by a verdict of the jury upon proof establishing the same beyond a reasonable doubt. If prejudice there be, it is a necessary result of setting forth in the manner required by law the offense with which the respondent is now charged. Proper instructions by the court as to the purpose and effect of the allegation and evidence of former conviction will protect the respondent's legal rights. It is the duty of the court to give the jury adequate instructions with respect thereto, carefully limiting the purpose and effect of both the allegation of prior conviction and the proof thereof within legitimate bounds. If the court omits to give such instructions, the rights of the respondent to the same can be preserved by a request therefor, which, if refused, would constitute reversible error.

To avoid such incidental prejudice on the part of the jury as may result from allegation and proof of prior conviction, we cannot disregard the provisions of Art. I, Sec. 6 of the Constitution. To avoid such incidental prejudice we must not adopt a rule of criminal pleading which would expose the individual to punishment for an offense with which he is not charged. The maintenance of fundamental constitutional safeguards far outweighs such incidental prejudice as may result from compliance with the rule requiring both allegation and proof of prior conviction in the case of one charged as a second or subsequent offender.

A question of procedure should be here noted. On appeal, in the usual course, the plea entered below stands, and trial is anew. After a plea of not guilty in the court below and an appeal to the Superior Court, a motion to quash comes too late, unless *before the motion to quash is filed* there has been leave granted in the Superior Court "to withdraw the plea, or to move to quash without withdrawal of the plea." *State* v. *Haapanen,* 129 Me. 28. The granting of such leave by the Justice of the Superior Court is within his discretionary powers. In this case the justice would have been

fully warranted in denying either leave to withdraw the plea of not guilty or a motion for the right to move to quash without the withdrawal of the plea. See *State* v. *Haapanen, supra, State* v. *Thomas,* 90 Me. 223. However, as the Justice presiding in the Superior Court saw fit to report this case, we have decided the same upon its merits rather than upon the technical rules relating to the time within which, and the conditions under which, motions to quash may be filed in cases appealed from Municipal Courts.

The allegation of prior conviction does not render the complaint in this case bad. In accordance with the stipulation in the report the case must be remitted to the Superior Court to stand for trial below on respondent's plea of not guilty.

*Case remitted to the Superior Court.*

*Case to stand for trial below on respondent's plea of not guilty.*