#### AND

## *THE CORRECTION OF ERRORS*

#### OF THE

### STATE OF NEW-YORK,

#### IN SEPTEMBER, 1818,* AND JANUARY, FEBRUARY, AND MARCH, 1819.

---

JONATHAN RICHMOND, plaintiff in error,
*against*
BENJAMIN TALLMADGE and others, defendants in error.

THIS was an action of debt, brought by the defendants in error, in the Court below, against the plaintiff in error, as

Where a sheriff, in an action for an escape, pleads, or gives notice of a voluntary return of the prisoner before suit brought, without verifying his plea or notice by affidavit, (sess. 36. c. 67. § 23. 1 N. R. L. 426,) the plaintiff may treat the plea, if the defence be specially pleaded, as a nullity, or move the Court to set it aside, or if the general issue be pleaded, with notice, may move to strike out the notice; but by accepting the plea, and going to trial, he waives the irregularity, and cannot object, on the trial, that the plea was unaccompanied by a notice, and the defendant may avail himself of the special matter in his defence.

If the jury, in an action for an escape, find that the prisoner returned voluntarily before suit brought, but that the defendant had not filed, with his plea, an affidavit that the escape was without his knowledge or consent, the finding, as to the want of an affidavit, must be rejected as surplusage, this being a matter beyond the issue to be tried, and belonging exclusively to the Court.

Whether under the statute concerning sheriffs, (sess. 36. c. 67. § 23. 1 N. R. L. 426.) a plea of a voluntary return before suit brought need be verified by affidavit; the words of the act applying merely to a plea of retaking on fresh pursuit? *Quære.*

If a dilatory plea be filed without affidavit, the plaintiff may treat it as a nullity, or move the Court to set it aside, but by proceeding in the cause, he waives the irregularity.

* By an act passed *April* 10th, 1818, 41 sess. ch. 139. this Court, on account of the unusual number of cases pending, was authorized to hold a special term or session at *Albany*, on the first *Tuesday* of *September*, 1818. This, and most of the following cases, were then argued, but the judgments of the Court were not pronounced until the following session.

IN ERROR.
.......
ALBANY,
January, 1819.

RICHMOND
v.
TALLMADGE.

sheriff of the county of *Cayuga*, for the escape of one *Edward Brockway*, a prisoner who had been in execution at the suit of the defendants in error ; a special verdict was made, and judgment having been rendered for the plaintiffs below, the defendant brought a writ of error. The cause had been argued in the Court below, on a motion made by the defendant for a new trial, which was denied ; but principally upon grounds not brought into discussion in this Court. For the pleadings and facts in the cause, it will be sufficient to refer to the report of the case in the Supreme Court. (9 *Johns. Rep.* 85.)

The special verdict stated, that *Brockway*, who had been admitted to the gaol liberties, after leaving the limits, voluntarily returned, and was on the limits of the county of *Cayuga*, at the time of the commencement of this suit, but that the defendant below had not accompanied his plea with an affidavit that the escape was without his knowledge or consent, nor filed any such affidavit. The jury further said, that if it should seem to the Court, that the defendant owed to the plaintiffs the debt, or any part thereof, then they find that the defendant owed the plaintiffs 5,294 dollars, and 24 cents, parcel of the said debt, and assess his damages, &c. The judgment was entered generally, that the plaintiffs recover their *debt and damages aforesaid, by the jury aforesaid, in form aforesaid, assessed.*

It was insisted, on the part of the plaintiff in error, that the judgment of the Supreme Court ought to be reversed, 1. Because the jury had found the voluntary return of the prisoner before suit brought, which was a full defence to the action, although no affidavit had been filed : 2. For the variance between the judgment and verdict.

*T. A. Emmet,* for the plaintiff: 1. The question as to the want of an affidavit to the plea, cannot come into consideration on the special verdict, for the evidence has been submitted to the jury at the trial. The objection should be made at the time of plea pleaded ; it cannot afterwards be taken, either at the trial, or on a writ of error. In *Jansen* v. *Hilton,* (10 *Johns. Rep.* 549.) the plea was unaccompanied by an affidavit, and yet this Court reversed the judgment against

the sheriff. The *act concerning sheriffs*, sess. 36. c. 67. s. 23. (1 *N. R. L.* 426.) declares, that no special plea of re-taking on fresh pursuit, or plea of the general issue, with notice of such special matter, shall be received, unless oath be made in writing by the defendant, and filed with the plea, that the prisoner did, without his consent, privity, or knowledge, make the escape. The statute does not prohibit the special matter from being given in evidence, unless the plea were verified by oath; it only prevents the admission of the defence under the general issue, without a special plea or notice. The words which it uses are nearly the same as those of the statute requiring dilatory pleas to be verified. (sess. 36. c. 56. s. 23. 1 *N. R. L.* 524.) " No dilatory plea shall be received in any court of record, unless the party offering such plea do by affidavit prove the truth there-of," &c. Where there is such a similarity in the subject, and phraseology of two statutes, the construction given to one, must necessarily be applicable to, and decisive of the other; and the established course has been, where a plea in abatement is filed without an affidavit, or with one that is insufficient, either to treat it as a nullity and sign judgment, or else to move the Court to set it aside. (1 *Sell. Pract.* 273. *Onslow* v. *Booth, Str.* 705.) If neither course be adopted the objection is waived; and Mr. J. *Platt*, in *Gilbert* v. *Vanderpool*, (15 *Johns. Rep.* 242.) says expressly, that the affidavit in that case was waived, as the plaintiffs made no objection to the plea on that ground. The statute concerning sheriffs equally applies to a plea of the general issue with notice of the special matter. If the notice be unaccompanied with an affidavit, the plaintiff is bound to reject it at once, or apply to the court at bar, the proper tribunal to settle and determine the validity of the plea or notice, with which the judge at the circuit has nothing to do; for his business is only to try the facts of the plea or the special matter of the notice, as they are presented to him, without inquiring into their sufficiency.

Again ; a plea of a voluntary return before suit brought need not be verified : it is not within the words of the statute, which speaks only of a recaption on fresh pursuit ; and the two things are materially different. By the volun-

tary return of the prisoner, the escape is purged ; (*Anonymous, Str.* 423.) he is in the same situation as if he had never departed from custody. Besides, when he is in close confinement, and escapes, it may be presumed to have been done through the permission or connivance of the sheriff, who is therefore required to negative by his own oath, that the escape was made with his consent, privity, or knowledge. But where the debtor has been admitted to the gaol liberties, as was the case here, that presumption cannot take place, for the sheriff cannot prevent his departure. This case, then, is not within the reason of the act.

2. The variance between the verdict and judgment is a sufficient ground for reversal. In *Stafford* v. *Van Zandt*, (2 *Johns. Cas.* 66.) the suit, which was brought in the Common Pleas, was referred, and after a report, judgment was entered for ninety-nine cents more than the amount found to be due, by the referees : for this reason alone, without regarding any other matters, the Supreme Court reversed the judgment. The Court will not allow an amendment, if the merits of the case appear to be against the defendant, but will reverse on the technical error, and leave him to bring another action.

*Van Vechten,* contra. The defence of a recaption, which the statute allows the sheriff, is an indulgence, granted him on his showing that he had acted honestly and without collusion, and, therefore, the affidavit is indispensable. In *Chambers* v. *Gambier*, (*Com. Rep.* 554. Et vide, *Dalt.* 486.) a voluntary return before suit brought was held a good plea, because it was tantamount to a retaking on a fresh pursuit. *Buller*, J., in *Bonafous* v. *Walker*, (2 *Term Rep.* 129.) alludes to the decision in *Comyns* as a strong case to that effect ; and in *Dole* v. *Moulton and others*, (2 *Johns. Cas.* 208.) the resemblance between a voluntary return and a recaption is fully recognized. The affidavit, therefore, is as necessary in the one case as in the other. The special verdict finds the fact, that there was no affidavit, and this is conclusive evidence that the objection was raised at the trial, otherwise it would not appear on the record ; and the fact being found, this Court must judge of

the effect of it. Had the party applied to the Supreme Court to strike out the notice, and been refused, he would have been without remedy, unless he could raise the point by objection at the trial. For any thing that appears, an application may have been made and denied, and then the evidence was admitted at the Circuit, for the purpose of presenting the question of law to the Court. The verdict no where states that the prisoner escaped without the knowledge and consent of the sheriff: hence, as the jury has not negatived his misconduct, and as he has not denied it by his own oath, it must be intended that the escape was with his connivance.

IN ERROR.
.......
ALBANY,
January, 1819.

RICHMOND
v.
TALLMADGE.

2. The proceedings are amendable ; and the variance in this case comes within the general clause, at the conclusion of the 6th section of the statute of jeofails, (1 *N. R. L.* 120.) that all omissions, variances, defects, and all other matters of like nature with those previously enumerated, &c. shall be amended either in the Court below, or in the Court to which the record is removed.

*Emmet*, in reply. The plaintiffs below might have applied to the Supreme Court to have the notice struck out, but not having done so, they have waived the necessity of an affidavit. In this verdict, the jury have gone beyond their province, and have undertaken to find a matter of which they had no cognizance. Whether the evidence were, or were not, properly admitted, is a question that can only arise on a bill of exceptions, which sets forth the proof produced at the trial : but a special verdict must state facts, and not merely the evidence of facts. Here the jury have raised a point of law, as to the admissibility of evidence, beyond their jurisdiction, and which it is for the judge alone to certify. Their finding, therefore, in this respect, must be rejected as superfluous and impertinent.

THE CHANCELLOR. The only question in this case is, whether the plea by *Richmond*, the sheriff, of a voluntary return of the prisoner within the gaol liberties, before suit brought, was a good defence to the action.

The plea was the general issue, accompanied with notice

IN ERROR.
·······
ALBANY,
January, 1819.
⁓⁓⁓
RICHMOND
v.
TALLMADGE.

of that special matter, and the objection is, that the plea was unaccompanied with an *affidavit* required by the statute. The language of the statute is, that "no special plea of retaking on fresh pursuit, or plea of the general issue with notice of such special matter, shall be received or allowed, unless oath be made in writing by the sheriff, &c. and filed with the plea, that the prisoner made such escape without his privity, consent, or knowledge."

The special verdict finds the escape and the voluntary return before suit, and adds, " that the defendant had not accompanied his plea with an affidavit that the escape was without his knowledge or consent, nor filed any such affidavit." How the jury came to find such a fact, and make it parcel of the special verdict, does not appear. The matter of fact set up as a defence, viz. the voluntary return before suit, is also in the verdict, and must have been founded on evidence offered to the jury at the trial. If that evidence had been inadmissible, why was it not objected to at the trial, and if admitted, why was not an exception tendered to the judge? No such objection, or bill of exceptions, appears; and the necessary conclusion from the special verdict is, that the testimony was received by consent, or by the direction of the Court, and that direction acquiesced in. We cannot travel out of the record to learn the truth of the case. We must take all our knowledge of the facts from the special verdict : And from the record we can deduce no other conclusion, than that the matter of defence contained in the notice answered to the plea, was received and proved at the trial, though the plea had not the requisite affidavit.

I have no doubt it was competent for the plaintiffs to *waive* the affidavit, and to receive and treat the plea as valid without it. We must intend that they have done so in this case. By analogy to the case of dilatory pleas, which equally require, by statute, an affidavit to accompany them, the plaintiff may treat the plea without the affidavit as a nullity, and proceed to his judgment; or, he may move the Court at bar to set it aside. (*Tidd's Pr.* in the K. B. vol. 1. 588.) The latter is the more modern course. But if he does nei-

ther, and treats the plea as good in point of form, the Court will certainly not interfere, and press the defect upon him.

The fact found by the jury, that the plea had no such affidavit, was a finding not within the issue before them. The jury had nothing to do with the question touching the legal requisites of the plea. That was a matter exclusively for the Court. If the jury find more than is contained in the issue, that excess is to be rejected as surplusage.

The case is then reduced to this point, whether to an action of escape, a plea of a voluntary return by the prisoner within the liberties, before suit brought, and that plea certified by the jury to be true in point of fact, be not a valid defence? Under the decisions of this Court, there can be no doubt of the validity of such a defence; and I am, therefore, of opinion, that the judgment of the Supreme Court ought to be reversed.

This being the opinion of a majority of the Court, (*Allen* and *Seymour*, senators, dissenting,) it was, thereupon, *ordered* and *adjudged*, that the judgment of the Supreme Court be reversed; and that the plaintiff in error be restored to all things which he has lost thereby: And it is further *ordered* and *adjudged*, that the defendants in error pay to the plaintiff in error one hundred and seventy-eight dollars and forty-two cents, for his costs and charges, by him laid out and expended in his defence in the Supreme Court, &c., as well as in and about prosecuting his writ of error, in this Court, and that the record be remitted, &c.

Judgment of reversal.