## STATE OF MAINE *versus* LIGHTBODY.

Grand jurors required to attend upon a court are obtained by means of a venire issued in *due form.*

Such *venire* is a judicial writ, and to be in *due form,* must bear the *seal* of the court from which it issues.

Persons selected as grand jurors, under a venire *without* the seal, have no authority to act in that capacity, although empannelled and sworn in court without objection.

And all indictments found by *such jury* may be quashed on motion.

ON FACTS AGREED.

INDICTMENT. APPLETON, J., presiding.

Upon the arraignment of the prisoner and before pleading to the indictment, his counsel moved that it be quashed, because there was no seal of the Court affixed to the *venires* by which the grand jury were summoned.

It was agreed that the validity of the indictment *thus found* should be submitted to the full court, and if valid, the cause to proceed to trial; otherwise that it should be quashed.

*J. S. Sewall,* in support of the motion.

*Evans,* Attorney General, *contra.*

TENNEY, J. — A writ, according to the definition of the common law of England, is in general the king's precept in writing under seal issuing out of some court, to the sheriff or other person, and commanding something to be done touching a suit or action or giving a commission to have it done. Terms de ley 1, Inst. 73. The definition, when applied to the precept of the State, is the same.

*Venire facias* is a writ judicial, awarded to the sheriff to cause a jury in the neighborhood to appear, when a cause is brought to issue to try the same. Old Nat. Br. 157.

By the Revised Statutes of this State, c. 135, § 10, it is required that the clerk of the courts shall issue *venires in due form,* directed to the constables of as many towns, &c., and for as many jurors, &c.; always collecting the grand and traverse jurors, &c., as uniformly from all parts of the county as the situation of towns, &c., will permit. By c. 172, §§ 1 & 2, it is made the duty of the clerk of the courts to make out from the returns of the venires for grand jurors an alphabetical list of such jurors, and being empannelled, they are to be sworn.

From these provisions of the statute it is manifest, that the grand jurors are drawn and summoned, and that they attend the court by the authority of *writs of venire facias,* that these are signed by the clerk, and in the form which has been in practice under the common law. From the facts, that they are *writs,* and that an essential part of a writ is the seal of the court, they do not conform to the statute requirement without seals, and are therefore wanting "in due form."

The bill of indictment against the defendant was found by those, who were empannelled and sworn, as grand jurors are required to be sworn, but who were not drawn and summoned by writs of *venire facias;* and the authority under which they were in attendance was no greater than the authority in any other form or a verbal commission.

We infer, however, from the case, that they were organiz-

ed and proceeded to their business, in the mode ordinarily practised by grand juries.

In *Patterson's case*, 6 Mass. 486, the juror whose name did not appear in the constable's return, was put upon the panel, he swearing that he was summoned.

A quaker acted as a member of a grand jury, and a person indicted pleaded in abatement to the indictment, that he did not take the oath required. The Court say, "Indictments not found by twelve good and lawful men at least, are void and erroneous at common law; and the circumstance, that it was found by twelve men is stated in the caption of every indictment according to the English forms and practice. But this formality has not been preserved with us; and the omission is not to be objected to indictments found according to our practice; viz, *the jurors for the Commonwealth upon their oath present, &c.* An irregularity in this respect, if it should happen, might become a subject of inquiry upon a suggestion to the Court; for under their superintendence the grand jury is constituted, and must be understood to have the legal number of qualified men. This being the construction to be given to the record, after an indictment has been received and filed by the Court, no averment to the contrary can be admitted as a formal plea. Objections to the personal qualifications of the jurors and the legality of the returns are to be made before the indictment is found, and may be received from any person who is under a presentment for any crime whatsoever; or from any person present, who may make the suggestion as *amicus curiæ.*" *Commonwealth* v. *Smith*, 9 Mass. 107.

In the first case referred to, the evidence that the juror was drawn and summoned was supposed to be insufficient. And in the other the objection was for an alleged want of qualification in the juror by not taking the grand juror's oath. And the remarks of the Court might seem to favor the proposition, that objections to grand jurors would not avail, after the filing of the indictment. But the ground of

objection did not lie so deep in that case as in the present. There it was not that the juror was wanting in qualification to be a member of the panel, nor that he was not legally drawn and notified to be at the Court, but that he had not taken the prescribed oath. And when the Court say that objections to the legality of the returns, are to be made before the indictment is found, it is understood to have reference to the *persons* returned as jurors, and not to the *precepts* which directed them to be summoned.

It has been held, in the matter of *State* v. *Symonds*, 36 Maine, 128, that an indictment, found by a grand jury, a part of whom were summoned under the authority of *venires* issued by direction of the Court at a term subsequent to that when the grand jury was first empannelled, in order to make up the necessary number, could not be sustained, and on motion, judgment was arrested after conviction.

In the case before the Court, the constable and the officers of the town in causing the grand jurors to be drawn and notified, acted without authority, and the men who were thus called upon were clothed with no powers as grand jurors, though they passed through the process of being empannelled and sworn. And being in attendance upon Court, without authority, nothing done subsequently would confer upon them the right to act. And the omission of the defendant to suggest to the Court their incompetency till after the indictment was found and filed, could not give to it any validity.

Certain men sitting as a grand jury, without authority, cannot be made a legal body by consent of a person accused by them; *a fortiori*, they cannot become so by any omission to make objections, on the part of those against whom bills may be found. *Indictment quashed.*

SHEPLEY, C. J., and RICE, APPLETON and CUTTING, J. J., concurred.