STATE *vs*. CALVIN W. ALLEN, and another.

Cumberland.     Opinion January 22, 1898.

*Practice.     Plea in Abatement.     Verification.*

The rules of practice in our courts in reference to the necessity of verification to pleas of abatement are only an affirmance of the common law doctrine, as modified by 4 and 5 Ann. c. 16, § 11, (in 1705) and which has become the common law of this State by adoption.

Such verification is necessary not only in civil actions, where a plea in abatement is filed, but in criminal proceedings also.

In a judgment upon a demurrer to a plea in abatement as an issue of law, not upon an issue of fact found upon such a plea, the entry must be that the respondent answer over.

ON EXCEPTIONS BY DEFENDANTS.

This was the case of a plea in abatement, filed by the defendants, to an indictment found against them by the grand jury of the Superior Court in Cumberland county. A demurrer to the plea was sustained by the presiding justice and the defendants thereupon took exceptions to the ruling of the court.

The material portions of the plea in abatement are as follows:

"because they say that Emery Rich of the town of Standish in said county of Cumberland who served as a member of the grand jury impaneled at this term of this Honorable Court and was present at the finding of said indictment was never legally a member of said grand jury in that no due and legal notice was given of the place of holding the meeting required to be held for the drawing of a grand juror for said term of court from said town of Standish.    And this the said respondents are ready to verify."

*Geo. Libby,* County Attorney, for State.

Plea in abatement is defective and bad because it is not set forth and alleged therein that said Emery Rich did serve and act in finding and returning said indictment into the Superior court at the September term thereof, A. D. 1896, as one of the grand jurors by whom said indictment was so found and returned as aforesaid.

Because it is not set forth and alleged in said plea that said Emery Rich was not duly and legally qualified to serve as one of the grand jurors at said term of said court.

Because the plea itself as a whole does not show the defect, if any exists, upon which the respondents base their claim that said Emery Rich was not duly and legally a member of said grand jury.

That said plea in abatement is defective and bad because it is not alleged therein that said Emery Rich himself participated in the finding of said indictment, although the ingenious counsel for the defense has sought to remedy this defect by stating in his brief or argument that the respondents so pleaded in abatement.

Because it is not set forth and alleged in said plea that the writ of venire facias with the officer's return thereon is defective or irregular in any particular.

Because the writ of venire facias with the officer's return thereon, showing the defect or omission, if any exists, upon which the respondents pray judgment of said indictment and that the same may be quashed, is not set forth and made a part of said plea in abatement.

Because it is not alleged in said plea that the same is true in substance and in fact.

*Chas. P. Mattocks,* for defendants.

Plea sufficient: In a criminal case a plea in abatement is suffi-
cient, if it is free from duplicity and states a valid ground of
defense in language sufficiently clear not to be misunderstood.
The strictest technical accuracy, such as is sometimes required in
dilatory pleas in civil suits, will not be exacted. *State* v. *Flemming,*
66 Maine, 142.

In some of the states it has been held that, while a plea in state-
ment is proper in case of a grand juror not having the necessary
qualifications, but is not proper where the defect is in the manner
of drawing, the contrary doctrine must be considered as settled in
this State. *State* v. *Symonds,* 36 Maine, 129; *Com.* v. *Parker,* 2
Pick. 550; *U. S.* v. *Hammond,* 2 Woods, (C. C.) 197, and cases
cited.

Whether the plea in abatement in the present case is properly
drawn is another question. It might have alleged that Emery
Rich was not only present but participated in the finding of the
indictment, but the allegation that he "served as a member of the
grand jury" and "was present at the finding of said indictment" is
sufficient. His presence as a member vitiates the indictment. The
plea offered to prove that Emery Rich was present and acted as a
grand juror, but the county attorney did not deny this allegation
but admitted it by his demurrer.

A person drawn as a grand juror without any notice to the
inhabitants of the town . . . . has no authority to act as such.
*State* v. *Clough,* 49 Maine, 573; *State* v. *Symonds,* 36 Maine,
129; *State* v. *Lightbody,* 38 Maine, 200.

To aid careless deputy sheriffs and other officers, the legislature
enacted (R. S., c. 82, § 89) that "no irregularity in the venires,
or drawing, summoning, or impaneling jurors, is sufficient to set
aside a verdict, unless the party objecting was injured by the
irregularity; or unless the objection was made before the return
of the verdict."

This statute has been construed in *State* v. *Neagle,* 65 Maine,
468, (1875), but it must be remembered that this amendment
relates to the disturbing of a verdict.

In *Com.* v. *Smith*, 9 Mass. 107, the authority of which is doubted in *Com.* v. *Parker*, 2 Pick. 563, the attorney for the Commonwealth filed a replication setting forth that notwithstanding the defect in the qualification of one of the grand jurors, a sufficient number of grand jurors (12) convened in the finding of the indictment, which has not been set out by the government in the case at bar.

The presence of one grand juror not legally a member of the grand jury vitiates an indictment. Bacon's Abridg. Tit. Juries; *Dovey* v. *Hobson*, 6 Taunt. 460.

The manner of drawing grand jurors is as much a necessity in order to secure impartiality and justice, as any part of the proceedings connected with a criminal trial. *Stokes* v. *State*, 24 Miss. 623. It is essential that they should be selected, impaneled and sworn according to law.

There is no certainty that the indictment was found by twelve legal persons. It does not appear how many grand jurors sat, because the county attorney shut off that question by his demurrer. Even if more than twelve jurors were present at the finding, the incompetent man may still have been one of the twelve who alone voted the bill. *Barney* v. *State*, 12 Smedes & M. 68; *State* v. *Brown*, 10 Ark. 78; *State* v. *Duncan*, 7 Yerg. 271; *Kitrol* v. *State*, 9 Fla. 9; *Com.* v. *St. Clair*, 1 Gratt. 556; *State* v. *Cole*, 17 Wis. 674; *Finnegan* v. *State*, 57 Ga. 427; *Wilburn* v. *State*, 21 Ark. 198.

The presence of one not a member of the grand jury during its sessions invalidates the indictment. *State* v. *Bowman*, 90 Maine, 363, and the irregularity may be taken advantage of by plea in abatement.

It is left entirely to the discretion of the trial judge whether he shall admit a plea in abatement not sworn to or supported by other evidence. This seems to imply that the facts in a case like the present may be proven by a sworn affidavit, or other evidence, or the judge may admit the plea without any evidence offered by the respondent. If the counsel for the state questions the statements contained in the plea, he can deny them or admit the facts

by demurring; but the fact of the plea being filed without verification is not demurrable under our statute. The statute itself has provided another penalty.

If, however, it is claimed that the matter set up is dehors the record, and that for this reason verification is required, we reply that all proceedings in the impaneling of the grand jury and the mode of their selection are matters of record in the court in which the proceedings are had and not only a general record but a record in each case. This exact point was decided in *Parker* v. *People,* (Colo.) 4 Lawyer's Reports Annotated,'803.

An indictment itself, when found by a grand jury and presented to and received by the court becomes a part of the records of the court. *U. S.* v. *McKee,* 4 Dill. 1.

It is clear that, in the present case, the presiding justice held that all the matters set up in the plea in abatement were matters to be determined by the inspection of the record, and for this reason allowed the plea in abatement to be filed without verification.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

FOSTER, J. A plea in abatement was filed by the respondents therein setting forth that a member of the grand jury, who was present and served at the term of court at which the indictment was found, was never legally a member of the grand jury in that no due and legal notice was given of the place of holding the meeting required to be held for the drawing of a grand juror for that term of court from the town of Standish.

To this plea a demurrer was filed by the county attorney for Cumberland county, and joined by the respondents. The court overruled the demurrer and adjudged the plea bad, to which rulings exceptions were duly filed.

The only question for consideration is in reference to the sufficiency of the plea.

A rule of court in reference to practice in the Superior court of

Cumberland county, like that in the Supreme court, provides that pleas in abatement "if consisting of matter of fact not apparent on the face of the record, shall be verified by affidavit."

This plea sets forth facts which are "not apparent on the face of the record," and should therefore be verified by affidavit that the plea is true in substance and in fact. Such plea is bad if it has no verification, or a defective one. *Fogg* v. *Fogg*, 31 Maine, 302; *Bellamy* v. *Oliver*, 65 Maine, 108.

It is unnecessary to consider the other objections raised as to the sufficiency of the plea, if this one is fatal. We think it is.

But the defense claims that the rule to which we have referred applies only in civil actions, and not in criminal proceedings. But reason and authority are against this position.

The rules of practice in our courts in reference to the necessity of verification to pleas of abatement are but an affirmance of the common law doctrine, as modified by 4 and 5 Ann. c. 16, § 11, (in 1705) and which has become the common law of this state and Massachusetts by adoption. *Monroe* v. *Luke*, 1 Met. 459, 463.

At common law in England, where the defendant pleaded a foreign plea, he was obliged to make oath of the truth of the matter therein alleged, but not so in case of a plea to the jurisdiction, or plea in abatement. But by 4 and 5 Ann. c. 16, § 11, it was enacted that "no dilatory plea shall be received in any court of record, unless the party offering such plea do by affidavit prove the truth thereof, or show some probable matter to the court, to induce them to believe that the fact of such dilatory plea is true." And this statute was held by the English court of King's Bench to apply not only to civil but to criminal cases as well. *Rex* v. *Grainger*, 3 Burrows, 1617. In that case the plea was set aside for want of an affidavit to verify it. *Com.* v. *Sayres*, 9 Leigh, (Va.) 722; Archbold's Pl. and Ev. in Criminal Cases, Abatement; 1 Bish. Crim. Prac. 480, and notes; 1 Chit. Pl. 462; Stephen, Pl. 87; 1 Whart. Cr. Law, Special Pleas, "Abatement." It was necessary that such affidavit, or verification, should state that the plea was true in "substance and fact,"—not merely that the plea is a true plea (2 Strange, 705), and if there was no affi-

davit, or it was defective in any particular, the plaintiff might treat the plea as a nullity, or move the court to set it aside. · *Rex* v. *Grainger*, supra; *Richmond* v. *Tallmadge*, 16 Johns. 307; 1 Tidd Pr. 588.

And such is 'the doctrine of our own court,—a survival of the old English rule as modified by Statute of 4 and 5 Anne. *Bellamy* v. *Oliver*, 65 Maine, 108; *Fogg* v. *Fogg*, 31 Maine, 302.

In *State* v. *Ward*, 64 Maine, 545, and *State* v. *Flemming*, 66 Maine, 142, both criminal proceedings, where pleas in abatement were filed, the proper verifications to the pleas were there made, not only in compliance with the common law, but with the rule of court.

Judgment being upon demurrer to a plea in abatement as an issue of law, not upon issue of fact found upon such plea, the entry must be that the respondents answer over. *Baker* v. *Fales*, 16 Mass. 147, 157; *Whitford* v. *Flanders*, 14 N. H. 371; Bouvier Law Dic. Abatement.

*Exceptions overruled.*

*Respondents to answer over.*