STATE OF MAINE *vs.* WILLIAM MALLETT.

Knox.    Opinion•November 22, 1923.

*A motion to quash in criminal cases is addressed to the discretion of the presiding*
*Justice whose ruling thereon is not exceptionable.    Sec. 29, Chap. 127,*
*R. S., constitutional.*

R. S., Chap. 127, Sec. 29, which authorizes a warrant to issue for search and
seizure of intoxicating liquor, when the complainant alleges that he believes
that intoxicating liquors are kept and deposited for unlawful sale in this State,
does not violate any constitutional guaranty against unreasonable searches.

On report.    A search and seizure process under Sec. 29, Chap. 127
of the R. S.    The case having been called for trial counsel for the
respondent challenged the sufficiency of the complaint and warrant.
By agreement of the parties the case was reported to the Law Court
with the stipulation that in the event if the warrant should be ad-
judged bad, a nolle prosequi was to be entered, but if held sufficient,
the respondent to stand convicted, unless the Law Court should
otherwise .order.    Respondent guilty.    Judgment for the State.
   The case is sufficiently stated in the opinion.
   *Z. M. Dwinal, County Attorney,* for the State.
   *Adelbert L. Miles,* for the respondent.

SITTING:    CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL,
   WILSON, JJ.

PHILBROOK, J.    This is a search and seizure case which originated
before a magistrate under the provisions of R. S., Chap. 127, Sec. 29.
When the case was called for trial in the appellate court, a motion to
quash was presented and overruled.    To this adverse ruling the
respondent had no right of exceptions since the law is well settled that
exceptions do not lie to the overruling of motions to quash in criminal
cases.    *State* v. *Maher,* 49 Maine, 569; *State* v. *Hurley,* 54 Maine,
562; *Hodge* v. *Sawyer,* 85 Maine, 285.

Thereupon the case was reported to the June (1923) Law Term of this court, under the provisions of R. S., Chap. 136, Sec. 27, authorizing questions of law in criminal cases, to be reserved on a report signed by the presiding Justice. The report, as thus signed, is as follows:

"The case having been called for trial and a question as to the complaint and warrant of sufficient importance having been urged by the respondent it was agreed to abide by the decision of the full court. If it should be adjudged bad, a nolle prosequi to be entered; if sufficient, the respondent to stand convicted, unless the law court shall otherwise order."

"The case is made up of the complaint and warrant, together with the agreement that the complaint contains the only statement of the fact or evidence before the judicial officer issuing the search warrant and is admitted to be the sole basis upon which this warrant was issued and that it was issued to search a private dwelling occupied as such."

The real contention of the respondent may be properly stated by an excerpt from his brief, in which he says: "In the instant case the complainant alleges that he believed that on a day certain, at a place certain, intoxicating liquors were and still are kept and deposited. Upon his mere belief the search warrant was issued, and he prays that due process be issued to search the premises where said liquors are believed to be deposited." Basing his contention upon certain federal cases, and cases in states other than our own, he claimed that an affidavit for search and seizure made merely upon the belief of the affiant is insufficient, and that a warrant for search and seizure issued thereon is invalid.

Under the general statute relating to criminal jurisdiction of magistrates, R. S., Chap. 134, and in Sec. 6 thereof, it is provided that "When complaint is made to any such magistrate, charging a person with the commission of an offence, he shall carefully examine, on oath, the complainant, the witnesses by him produced, and the circumstances, and, when satisfied that the accused committed the offence, shall issue a warrant for his arrest." Thus it will be seen that under this statute the belief of the complainant might not constitute a proper basis upon which to issue a warrant.

But in the case at bar, as we have already stated, the warrant was issued under the provisions of R. S., Chap. 127, Sec. 29, which reads

as follows: "If any person competent to be a witness in civil suit, makes sworn complaint before any judge of a municipal or police court or trial justice, that he believes that intoxicating liquors are unlawfully kept or deposited in any place in the State by any person, and that the same are intended for sale within the State in violation of law, such magistrate shall issue his warrant," &c.

The very wide difference between these two statutes is to be seen at a glance. In the former, before issuing his warrant, the magistrate must examine the complainant and his witnesses, under oath, and become satisfied that the accused committed the offense; in the latter it is mandatory that the warrant be issued upon sworn complaint based upon the belief of the affiant, provided he be a person competent to be a witness in civil suits.

Mr. Justice SPEAR, speaking for this court in *State* v. *Nadeau*, 97 Maine, 275, which was a search and seizure case under the liquor statute, after stating that the warrant was issued under that statute, said "The search and seizure process is in a class by itself." To this statement we adhere, and hence citations from courts in those jurisdictions where no statute like ours obtains, are, for the most part, inapplicable.

The complaint and warrant are in that statutory form which is declared by R. S., Chap. 127, Sec. 54 to be sufficient in law and none of these statutory provisions above referred to violate any constitutional guaranties.

It is our opinion that the contentions of the respondent cannot be sustained, and under the terms of the report he is to stand convicted, and the mandate will accordingly be,

*Judgment for the State.*