STATE *vs.* FRANK GOLDEN.

Penobscot.        Opinion March 2, 1929.

*George F. Eaton*, County Attorney for the State.
*George E. Thompson*,
*Benjamin W. Blanchard*, for respondent.

SITTING: WILSON, C. J., DEASY, STURGIS, BARNES, BASSETT, JJ., PHILBROOK, A. R. J.

DEASY, J.   The respondent, charged with a misdemeanor, was found guilty by a jury. He filed a motion in arrest of judgment on

522

the alleged ground that the complaint is "not sufficient in law." The motion was overruled and exceptions saved.

The complaint seems to be in due form and the respondent points to no fault in it.

The real ground of the motion seems to be (quoting the brief) "that an examination of the testimony . . . will disclose that no crime has been committed."

But a motion in arrest of judgment is not concerned with testimony. "It cannot reach matters of evidence." *State* v. *Howard*, 117 Me., 69; *State* v. *Snow*, 74 Me., 354; *State* v. *Gerrish*, 78 Me., 20; 12 Cyc., 759. It is sometimes said that a motion in arrest of judgment "reaches the whole record." But the "record" as the term is thus used "does not include or mean the evidence in the case." *State* v. *Howard*, supra, at 71.

The remedy of a respondent found guilty, by a jury, upon insufficient evidence, is a motion to have the verdict set aside and a new trial granted. This motion must be addressed to the sitting justice whose decision in case of misdemeanors is final. Only in prosecutions for felony is an appeal to the Law Court provided. R. S., Chap. 136, Sec. 28.

*Exceptions overruled.*
*Judgment for the State.*