STATE OF MAINE *v.* ENO HAAPANEN.

Penobscot.    Opinion March 7, 1930.

*Albert G. Averill*, County Attorney, for State.
*B. W. Lenfest*,
*D. I. Gould*, for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ.

DUNN, J. A statute denounces selling intoxicating liquor, makes the overt act a misdemeanor, and confers on municipal and other magistrate courts, jurisdiction to try and punish offenders. R. S., Chap. 127, Sec. 40. On the part of the person convicted, an appeal lies, to meet the constitutional guaranty of trial by jury. R. S., supra ; Con. of Maine, Art. 1, Sec. 6.

In magistrate courts, liquor prosecutions are begun by complaint. R. S., supra. Where criminal prosecutions originate, under a statute, on complaint, one under oath or affirmation is implied. *Campbell* v. *Thompson*, 16 Me., 117. On appeal, in usual course, the plea entered below stands, and trial is anew.

The statute sets out a form of complaint for a single sale of intoxicating liquor. R. S., Chap. 127, Sec. 54. The form of complaint has blank spaces to allege the quantity of liquor sold, to whom sold, if known, or if the name is unknown, the allegation of such fact. The form is declared by the statute to be sufficient. It is not, however, inclusive. *State* v. *Jones*, 115 Me., 200.

The complaint in this case, as made to a municipal court, charged the respondent with the sale of intoxicating liquor, but neither named the purchaser nor alleged his name unknown. The respondent pleaded not guilty. He was tried, found guilty, and sentenced. He took an appeal.

In the Superior Court, in Penobscot county, without withdrawal of the plea of not guilty, or leave to move to quash without withdrawing the plea, counsel for the respondent moved to quash the complaint, on the ground that, in the absence of allegation of the name of the purchaser, or its equivalent, the complaint was not what it ought to be as a criminal pleading, in that it failed to inform the accused of the nature and cause of the accusation, as required by the first article of the Declaration of Rights in the Constitution of Maine.

The court denied the motion. An exception was allowed, "if allowable." Inquiry regarding this exception need not be a long one. After plea in the municipal court, the motion to quash came too late. *State* v. *Thomas*, 90 Me., 223. But, had the motion been made in the municipal court at the proper time, or had there been leave in the Superior Court, before the motion, to withdraw the

plea, or to move to quash without the withdrawal of the plea, there would be no merit in the exception.

A motion to quash is addressed to the sound discretion of the court. On refusal to quash, the accused may be put to plea or demurrer, or left to motion in arrest of judgment. If abuse of authority is not evident, the refusal of a motion to quash is no ground for exception. *State* v. *Smith*, 54 Me., 33; *Com.* v. *Eastman*, 1 Cush., 189; *State* v. *Louanis*, 79 Vt., 463. That this is the rule, counsel for the respondent apparently recognizes. After summarizing the record, his brief says that, "counsel does not care to further argue."

The county attorney, subsequent to the filing of the motion to quash, and before the denial of the motion, moved to amend the complaint by inserting the name of the purchaser of the liquor. The motion was granted, over objection and exception, and the amendment made.

In support of the exception, counsel argues that the effect of the allowance of the amendment was to charge and identify a particular offense, which the original complaint, as it had been verified by the oath of the complainant, did not do.

The counsel does not claim the improper exercise of discretion, nor that his client was in fact prejudiced by the amendment, but that as matter of law the Superior Court had no power to allow the amendment.

It is the duty of a complainant, in his complaint, to inform the accused of the specific criminal wrong of which he stands charged. The Declaration of Rights, as has been noted elsewhere, entitles the accused to this.

But constitutional provisions for the protection of an accused person exact only such particularity of allegation as may enable the accused to understand the charge against him and to prepare his defense. *Com.* v. *Robertson*, 162 Mass., 90.

A person, against whom is laid the commission of an offense, may apply for a particular of the charge. *Rex* v. *Hodgson*, 3 Cas. & P., 422.

It often is necessary, in criminal as well as civil cases, when the fact becomes material in defense, to resort to parol evidence to

show what case was the subject of a former trial. *Com.* v. *Conant,* 6 Gray, 482.

On the question, novel here, of the necessity of naming the purchaser of the liquor, there is confusion in the reported cases. The confusion has been characterized as hopeless. Woollen and Thornton, Law of Intoxicating Liquors, Vol. 2, Sec. 877. Another text writer defines the general rule to be that an allegation of the name of the purchaser is not essential. Joyce, Intoxicating Liquors, Sec. 643. Ruling Case Law, in cometary sweep, compasses a number of cases that hold it unnecessary to allege the name. 15 R. C. L., p. 387. The great weight of authority, remarks the court in South Dakota, is that, in charging a sale of intoxicating liquor, the information need not give the purchaser's name. *State* v. *Hoven,* 195 N. W., 838, 839. Missouri holds that the indictment need not say to whom sold, or that such person was to the grand jurors unknown. *State* v. *Wingfield,* 37 A. St. R., 406, 413.

The gravamen of the offense of selling intoxicating liquor is in selling it. The fact of the sale implies that there was a purchaser. The violation of the individual rights of the purchaser does not enter into the essence of the offense. *State* v. *Munger,* 15 Vt., 290.

However, it is better practice to name the buyer, or allege that his name is to the complainant unknown. The form of complaint, which the statute prescribes, while it does not so require, certainly so intends.

In matters of form, from an early time, it has been permissible to amend criminal process, at any stage before final judgment. R. S., Chap. 133, Sec. 13. *State* v. *Hall,* 78 Me., 37. An amendatory statute, of comparatively recent enactment, provides for amending complaints in matters of substance, if thereby the nature of the charge is not changed. 1927 Laws, Chap. 133.

Let it be kept in mind, that a single sale of intoxicating liquor is a misdemeanor, and that the respondent was being prosecuted on complaint.

The Superior Court, when appeal had brought the case there, had every power which the municipal court first had. The amendment, in following statutory form, narrowed the complaint to a

specified purchaser, but the nature of the charge remained the same, that of the sale of intoxicating liquor.

Whether the amendment was purely formal, or went to the substance, it was of the character embraced in the spirit and letter of the statute, and within the authority of the court to allow.

*Exceptions overruled.*