State *vs.* Bernard J. Diggins.
State *vs.* Robert B. Domin.
State *vs.* Robert B. Domin.

MARCH 21, 1961.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. These are criminal complaints. In the first case the defendant Bernard J. Diggins is charged with exceeding the speed limit in Rogers Williams Park in violation of a traffic ordinance of the city of Providence. He filed a plea in abatement to which the state filed a replication. After a hearing thereon the superior court denied the plea, and after trial the defendant was found guilty. The case is before this court only on the defendant's exception to the trial justice's denial of his plea in abatement.

The Diggins case was tried in the superior court, and was briefed and argued in this court, together with the two other cases in which Robert B. Domin was charged with two separate speeding violations. Since all three cases raise the

same basic issues the parties have agreed that the final decision in the Diggins case shall apply to the two complaints against Domin. For this reason we shall discuss only the Diggins case, with the understanding, however, that our decision in that case shall apply to the Domin cases as well.

The defendant's plea in abatement consists of two counts. In the first count he alleges that complainant complained in writing to the police court of the city of Providence that defendant operated a motor vehicle in violation of a city ordinance on May 7, 1959; that he had not made such complaint under oath to the justice of said court; and that notwithstanding a recital to the contrary in the jurat of the complaint the justice had not examined the complainant under oath in accordance with the provisions of G. L. 1956, §12-6-1.

In the second count he alleges that complainant filed said complaint in writing on information and belief; that complainant did not have actual knowledge of the facts complained of; that he made such complaint on the basis of hearsay evidence; and that a court cannot receive complaints based on hearsay evidence nor execute warrants issued in consequence thereof.

The complainant is the officer in charge of the bureau of prosecution in the Providence police department. It is his duty to prepare complaints and warrants. At the hearing on the plea in abatement he testified that he himself did not actually witness the alleged violation. He stated that he filed the complaint on the basis of information which he received from other police officers in the course of their duties. He also testified that he could not recall swearing out this particular complaint. He did not deny doing so but merely stated he had no recollection of it.

The defendant also called as a witness the judge whose name appears on the jurat of the complaint in question. When asked whether complainant personally appeared before him on the date specified in the complaint, the witness

replied that he had no recollection of the complainant doing so.

On the basis of the record before the trial justice he denied the plea in abatement. In overruling the first count thereof he held that there is a presumption that the complaint was actually sworn to and that there was no evidence in the record to the contrary. The defendant contends that the court erred in such ruling. He concedes that on a plea in abatement the burden of proof is on the party filing such plea. He claims he has sustained such burden.

After careful consideration it is our opinion that the superior court did not err in overruling the first count of the plea. It had before it the complaint which bore the signature of a justice of the police court. The complaint is part of the record. It did not have to be put in evidence. The signature of the judge imports verity and authenticity to said complaint as well as compliance with the provisions of §12-6-1.

There is no evidence in this record indicating that the complaint was not properly sworn to in accordance with the requirements of the statute. While it is true that complainant and the judge of the police court could not recall this particular complaint, there is nothing in their testimony stating that the complaint was not actually sworn to. On the basis of the record before us, we are satisfied that defendant has failed to sustain his burden of proving that the complaint was not actually sworn to. Consequently the presumption that it was properly sworn to prevails.

In overruling the second count of defendant's plea the trial justice held in effect that complaints executed and issued on the basis of hearsay information are valid and that the constitution does not require complaints to be based on actual knowledge of the complainant. The defendant, on the contrary, contends that a complaint executed on the basis of hearsay knowledge, as distinguished from actual knowledge, is not a proper complaint upon which a warrant

of arrest may be predicated and is in violation of article I, sec. 6, of our state constitution which provides that "no warrant shall issue, but on complaint in writing, upon probable cause, supported by oath or affirmation * * *."

We have examined the cases cited by defendant. He concedes that in those cases the affidavits themselves disclose that the facts alleged therein are based on information and belief and not on the actual knowledge of the affiant. Those cases are not in point. In the case at bar there is nothing on the face of the complaint itself indicating that it is based on hearsay. On the contrary the complainant takes a positive position and makes a positive statement that the defendant violated the ordinance, specifically setting forth the place, date and manner of the violation.

At the hearing the complainant testified that the complaint he filed was based on information which he received from other police officers in the course of their duties. While it is true that such information was technically hearsay, it is our opinion that the complainant's testimony as to the source of his knowledge did not vitiate the complaint and that such knowledge, so acquired, constituted probable cause within the meaning of sec. 6 of article I of our state constitution. The trial justice did not, therefore, err in overruling the second count.

In each case the defendant's exception is overruled, and each case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Carmine A. Rao,* Chief Special Counsel for State.

*Pontarelli & Berberian, Aram K. Berberian,* for defendants.