**STATE of Maine**

v.

**Richard A. HOWE.**

Supreme Judicial Court of Maine.

April 14, 1966.

Bernard Cratty, County Atty., for Kennebec County, Augusta, for plaintiff.

Franklin F. Stearns, Jr., Monaghan & Perkins, by Thomas F. Monaghan, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN and DUFRESNE, JJ.

MARDEN, Justice.

On exceptions to the denials of motions (a) to quash the complaint charging, and (b) to arrest judgment on conviction for operation of a motor vehicle while under the influence of intoxicating liquor.

Respondent was arrested on site for the reference violation on the 27th day of November, 1964 by an officer of the Augusta Police Department.

On November 30, 1964 a Captain of the Augusta Police Department, who had no personal knowledge of the facts surrounding the arrest, appeared before the Clerk of the District Court in Augusta, filed and made oath to the complaint charging the respondent in the usual form, and an arrest warrant was issued. On December 3, 1964 this warrant was executed by the Captain. The case was continued until December 10, 1964, respondent gave bail for his then appearance, at which time his plea of not guilty was entered, hearing was waived, he was adjudged guilty (14 M.R. S.A. § 1902) and appeal was taken to the

February Term, 1965, Kennebec Superior Court.

The matter came on for hearing on February 9, 1965 and after the jury was duly impanelled, respondent made oral motion to quash the complaint upon the ground that it was "illegally issued" (improperly entertained) and in offer of proof counsel's statement was as follows:

"MR. STEARNS: I offer to prove, your Honor, that on November 30th, 1964 one E. T. Bernard Sparrowk, a member of the Augusta Police Department, appeared before Mrs. Lillian Haskell, Clerk of the District Court in Augusta and made oath to this complaint. At that time he was not accompanied by any other witnesses, and he did not know of his own knowledge any facts concerning this case, and only relied on the certain statements either given to him orally or in writing from certain police officers who had arrested the Respondent the previous evening, and that being the only evidence upon which the complaint was issued.

"THE COURT: Do you know whether or not the investigation report, which Officer Sparrowk had, contained statements of witnesses other than the officer's?

"MR. STEARNS: I believe it did not, your Honor. I believe it contained only the statements of two officers.

"THE COURT: For the purposes of deciding the issue which you present, would you be willing to include in the offer of proof that Officer Sparrowk relied upon an investigation report of another officer?

"MR. STEARNS: Yes, your Honor.

"THE COURT: Concerning this alleged offense of which he had no personal knowledge?

"MR. STEARNS: That is correct, your Honor.

"THE COURT: By relying upon the information in his hands, he proceeded to the Clerk of the District Court and made oath and, therefore, the complaint was issued. This is what you object to?

"MR. STEARNS: That is correct, your Honor.

"THE COURT: I understand that your objection is based primarily upon the fact that there was no complainant with any personal knowledge of the facts, or no witnesses for the complainant who were put under oath prior to the issuance of the complaint and warrant?

"MR. STEARNS: Yes, your Honor. And that is in violation of Chapter 108-A of the Revised Statutes.

"THE COURT: And I believe you also claim that it violates the fundamental constitutional provision against illegal seizure of the person?

"MR. STEARNS: That is correct, your Honor."

The motion was denied, the case went to trial and upon conviction, respondent filed written motion in arrest of judgment based upon the same factual grounds as those supporting the motion to quash, contending lack of constitutional "due process" and upon denial, exceptions were reserved.

The bill of exceptions as now prosecuted alleges error (1) "that said Complaint was not issued in accordance with Chapter 108-A, Section 6 of the Revised Statutes of Maine, 1954 as amended, * * * that the failure * * * to grant the Motion to Quash * * * was a palpable abuse of discretion and as a result the respondent" suffered "illegal seizure of the person," and (2) "that the Complaint and the matters therein alleged, was not issued in the manner and form in which they are therein stated for any judgment to be rendered thereon, * * *."

The reference statute read in part as follows:

\*    \*    \*    \*    \*    \*

"When complaint is made to any * * * clerk of a district court, * * *, charging a person with the commission of an offense, such * * *, clerk * * * shall carefully examine, on oath, the complainant, the witnesses by him produced and the circumstances and, when satisfied that the accused committed the offense, shall * * *, issue a warrant * * *." [1]

This provision of the statute, then applying to complaints made to a Judge of a Municipal or Police Court or Justice of the Peace originated by Section 1, Chapter 235 of the Public Laws of 1823 and has remained in our law without pertinent change.

Section 3 of Chapter 147 R.S.1954 provided that when it was the duty of an officer to make a complaint before a Magistrate he might make it "according to his knowledge and belief." [2]

This provision of the statute originated in Section 3, Chapter 71, Public Laws 1848 and has remained in our law without pertinent change.

The constitutional issue is raised by both Federal Constitution Amendment IV and State Constitution Article I, Section 5,[3]

which prohibit arrest upon warrant issued without probable cause.

■ A motion in arrest of judgment can reach only defects in the record, State v. Kopelow, 126 Me. 384, 388, 138 A. 625; State v. Beattie, 129 Me. 229, 231, 151 A. 427, and the "record" does not reach matters of evidence, State v. Golden, 127 Me. 521, 522, 145 A. 11. The complaint as a charging instrument is not criticized. The attack is based upon circumstances outside the record. The exception to the refusal to arrest judgment is overruled.

■ The exception to the denial of respondent's motion to quash the complaint, if it were technically such a motion, is subject prima facie to summary overrule. The respondent had entered a plea of not guilty in the District Court, which plea came forward on the appeal and stood, State v. Schumacher, 149 Me. 298, 300, 101 A.2d 196, and had neither been withdrawn nor had leave been requested or granted to move to quash without such withdrawal. Upon this basis the motion to quash was out of order and its denial was no abuse of discretion. State v. Haapanen, 129 Me. 28, 30, 149 A. 389; State v. McClay, 146 Me. 104, 116, 78 A.2d 347; and Schumacher, supra, 149 Me. at 301, 101 A.2d 196.

■ We have said, however, in *Schumacher* that the acceptance of a demurrer

---

1. This became 4 M.R.S.A. § 171, effective December 31, 1964 and was subsequently repealed and replaced by Section 4 of Chapter 356 P.L.1965, which provides that the proper officer of the District Court upon complaint shall issue an arrest wararnt, "under such circumstances as the Supreme Judicial Court shall by rule provide." These provisions appear in Rules 3, 4, and 5 of our Rules of Criminal Procedure, effective December 1, 1965.

2. This became 15 M.R.S.A. § 703, effective December 31, 1964 and was subsequently amended by § 9 of Chapter 425 P.L.1965 in no relevant way.

3. United States Constitution, Amendment IV. "The right of the people to be secure in their persons, * * * against unreasonable * * * seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, * * *." Maine Constitution, Article I, Section 5. "The people shall be secure in their persons, * * * from all unreasonable * * * seizures; and no warrant to * * *, shall issue * * *, without probable cause—supported by oath or affirmation."

by the trial court, absence of objection by the State and ruling upon its merits, impliedly expressed consent to the withdrawal of the former plea of not guilty and placed the demurrer in order. The situation here is analogous and the intent of counsel and the court to so proceed is supported by the entry of a plea of not guilty after consideration and denial of the motion. Even so the denial is not exceptionable. State v. Mallett, 123 Me. 220, 122 A. 570.

Although State v. Lightbody, 38 Me. 200 may be urged to the contrary, that case reached the Law Court on report and not by exceptions, and although the validity of the indictment in State v. Flemming, 66 Me. 142 was challenged by a plea concluding with prayer that the "same may be quashed," the court termed the plea as one in abatement. In both cases the bases of the defensive pleadings were facts outside the record, and Whitehouse and Hill in "Directions and Forms for Criminal Procedure" comment at page 181 footnote 3, that such defects were more properly attacked by plea in abatement than by motion to quash. The comment might well have gone further to point out that a distinction between a motion to quash and a plea in abatement is that the latter may be founded upon facts extraneous to the record, 21 Am.Jur., 2d. Criminal Law § 468. Rulings upon pleas in abatement were exceptionable. State v. Allen, 91 Me. 258, 263, 39 A. 994, State v. Melanson, 152 Me. 168, 126 A.2d 278; 15 M.R.S.A. § 1203, since repealed.[4] No point is made that the plea, as a plea in abatement, was oral, or that it was unverified. See State v. Allen, supra. By section 16, Chapter 145 R.S.1954, the need of verification was discretionary with the court.

■ Appellant's position, then, is to be examined solely by reason of his exceptions to the denial of his motion to abate the prosecution because of alleged extraneous insufficiencies in the filing of the complaint upon which his arrest was predicated. These alleged insufficiencies have been recently discussed by Federal Courts and a review of our Maine law upon the subject is urged.

In State v. Hobbs, 39 Me. 212 (1855) the respondent, by motion to arrest judgment, challenged the sufficiency of the complaint filed under Section 3 of Chapter 170 R.S. 1840, originating in the 1823 Act,

"1. Because the complaint was not duly sworn to.

"2. Because the justice did not carefully inquire into the circumstances of the case before issuing his warrant.

"3. Because the warrant was issued without probable cause, supported by oath or affirmation.

"4. Because the complaint is sworn to 'according to the complainant's best knowledge and belief,' and not positively.

"5. Because it was not commenced within the time prescribed by law, * * *."

The judgment was arrested because of the application of the statute of limitations, but in response to respondent's criticism of the complaint the court said at 214:

"The oath and inquiry are not expected to be sufficient to insure a conviction. They are expected to present a probable cause. * * * The complaint in this case contains a positive allegation, that the offence was committed by the accused. A foundation for conviction, and notice to the accused of the alleged offence, are formally presented. * * * The verification of a positive charge by an oath, according to the best knowledge and belief of the party, may be sufficient, upon inquiry into the circumstances, to satisfy the justice that an offence has been committed, and it may therefore be sufficient to authorize him to issue his

---

4. Now see Rule 12 Maine Rules of Criminal Procedure.

warrant. * * * It is not necessary that a complaint or warrant should set forth the facts, disclosed on oath to the justice of the peace, to satisfy him that it has become a duty to issue his warrant, unless the case be one in which it is required by statute, as in warrants issued for the search of dwellinghouses."

This is the only case on the point in Maine which has come to our attention, and the ruling stands.

The line of federal decisions [5] offered by appellant in support of his contentions that his constitutional rights were violated by proceeding on this complaint involved arrests or searches based upon the complaint which was under attack. None of these cases hold that a complaint cannot be based upon hearsay to justify a valid arrest. The test established by these cases is whether the magistrate who entertains the complaint has probable cause to issue a warrant on that complaint. The attacks are not upon the sufficiency of the complaint as a charging instrument, but are on the validity of the arrest under the warrant issued upon the complaint. In *Giordenello* at [4, 5] page 1249 the court said:

"But we need not decide whether a warrant may be issued solely on hearsay information, for in any event we find this complaint defective in not providing a sufficient basis upon which a finding of probable cause could be made."

In *Aguilar* at [10] page 1514 the court said:

"Although an affidavit (filed in support of application for warrant) may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362

U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, the magistrate must be informed of some of the underlying circumstances from which the informant * * * and * * * the officer concluded * * *" that their information was credible or reliable.

This case also turned upon what the court found to be lack of probable cause for the issuance of the warrant.

In *Jaben* the court had a similar question before it, but concluded that upon an affidavit based upon hearsay, and the conclusion which the complainant formed on that hearsay, did constitute probable cause upon which to issue a summons (in lieu of a warrant within the provisions of Rule 4(a) Federal Rules of Criminal Procedure).

In *Jones,* cited in *Aguilar,* the court said:

"An affidavit (to support application for warrant) is not to be deemed insufficient on that score (hearsay), so long as a substantial basis for crediting the hearsay is presented." 80 S.Ct. [13] page 735.

These federal cases are considered leading on the issues therein involved and nowhere hold or suggest that a complaint is insufficient by reason of its source being hearsay evidence.[6] The test is whether "probable cause" has been established.

As applied to the facts here, the statute (Section 6, Chapter 108–A.R.S.1954 quoted supra) required the Clerk to examine the complainant on oath and, when satisfied that the accused committed the offense, to issue a warrant. There is nothing to indicate that the Clerk failed to comply with the statute. As to the Clerk's justification in concluding that probable cause existed, she had the complainant's oath, and while

5. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Jaben v. United States, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345

(1965) and Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

6. See now Rule 3, Maine Rules of Crim. Proc. and reporter's notes.

in retrospect we know that the oath in fact was based upon information and belief based in turn upon report from the arresting officer, in the presence of whom and two other officers the violation occurred, both State v. Hobbs, supra, and Section 3, Chapter 147 R.S.1954,[7] then in effect, validated it. There was no requirement that the Clerk record other representations of fact made by the complainant, *Hobbs*, supra, and we have no evidence that such representations were not made. There was no constitutional deprivation. See comparable case, State v. Diggins, 92 R.I. 341, 168 A.2d 469.

Exceptions overruled.

Judgment for the State.

7. Now 15 M.R.S.A. § 703.